SAND SPRINGS RAILWAY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 65848, 69409. Promulgated October 23, 1934.

*J. S. Y. Ivins, Esq.*, and *F. E. Youngman, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

#### OPINION.

LEECH: In these consolidated proceedings, petitioner asks redetermination of deficiencies in income tax proposed for the calendar years 1929 and 1930, in the respective amounts of $5,685.64 and $4,192.35.

The common error assigned to both deficiencies is the disallowance by respondent of petitioner's asserted deduction of alleged interest payments on its bonds outstanding during those years. Petitioner also assigns error in the petition filed at Docket No. 65484, in the amount of depreciation allowed it by respondent for 1929.

From the records of this Board in Docket Nos. 32438 and 32439, included in this record by stipulation, as well as other formal oral stipulations, we summarize the facts necessary for an understanding of the single present issue.

Petitioner was incorporated in 1911 under the laws of Oklahoma. In 1912 it issued its 25-year first mortgage bonds in the sum of $300,000, bearing interest at the rate of 6 percent per annum and secured by a deed of trust dated July 1, 1912, covering all of its properties, rights, and franchises. These bonds were outstanding during all subsequent years, including the years 1929 and 1930, involved in these proceedings. The petitioner paid interest to the

bondholders each year in the total amount of $18,000, and claimed such interest as a deduction from income in its income tax returns.

After auditing the income and profits tax returns of the petitioner and other companies with which it was affiliated for the fiscal years ended June 30, 1918, to June 30, 1923, inclusive, the respondent determined tax deficiencies, resulting from the disallowance of this deduction for interest, among other adjustments. The notice of deficiency in each instance states this was " for the reason that it is the opinion of this office that the amount paid to the Sand Springs Home was in the nature of a gift and not deductible." Petitioner appealed from respondent's determination of deficiencies for those years, assigning, among other errors, " the addition to net income of the Sand Springs Railway Company of $18,000 each taxable year, representing interest paid upon outstanding bonds of the Sand Springs Railway Company." The facts alleged in each petition to support that assignment were:

Throughout all of the taxable years under consideration, the Sand Springs Railway Company had outstanding bonds, secured by a mortgage upon its property and franchises in the principal sum of $300,000, which bonds carried interest at the rate of 6 per cent per annum.

During each of the taxable years under consideration, the Sand Springs Railway Company paid interest upon said bonds, amounting to $18,000. Such interest was deducted by the Sand Springs Railway Company from its gross income in the computation of its net income for each of said taxable years, but said deduction was disallowed by the Commissioner, who increased the net income of the Sand Springs Railway Company accordingly.

Respondent's answer put petitioner upon proof thereof.

The Board then disallowed the asserted interest deduction (*Sand Springs Railway Co.*, 21 B. T. A. 1291), upon which final decision was entered January 5, 1932. That decision has not been disturbed by review or otherwise.

Later, respondent disallowed similar asserted deductions in determining deficiencies for 1929 and 1930 against the same taxpayer, the deficiency notice, in at least one instance, stating the reason therefor to have been the absence of proper consideration in the issuance of the bonds upon which the disputed alleged interest was paid. The pending proceedings resulted. Petitioner herein assigns the identical error assigned in the petitions relating to the deficiencies for the years redetermined by this Board in *Sand Springs Railway Co., supra.* It now alleges the existence of proper consideration for the issuance of these same bonds, as a fact, in support of the present assignment of error.

At the hearing, petitioner made formal proffer of specific evidence for the purpose of proving " that the bonds of the Sand Springs Railway Company to which reference has been made, were issued for adequate, valid and sufficient consideration."

In addition to having formally pleaded *res judicata*, respondent objected to the admission of such evidence on the ground that "this question having been previously decided by the Board, the issue is *res judicata* and the petitioner is estopped from bringing further evidence on the same question."

The Board reserved its ruling thereon. Counsel for petitioner then stipulated that in the event this objection was sustained, subject to an exception, no further evidence would be offered on either pending issue unless such ruling were later reversed, and that our decision should be entered upon the present record approving the disputed deficiencies as proposed. Thus, no proof was offered on the depreciation issue.

The respondent argues that our decision in *Sand Springs Railway Co., supra,* is conclusive of the issue presently presented, though the causes of action are different, since the issue and facts litigated in both proceedings are the same. Petitioner contends that the rule of *res judicata* does not apply here, because the present controversy is based upon different causes of action, and only the matters actually litigated and decided in the prior proceeding are *res judicata* here. It argues that the only matters which are *res judicata* here are (1) that the petitioner is not entitled to the deductions claimed for the years involved in the prior proceedings, and (2) that bonds of a corporation, not shown to have been issued for consideration, did not constitute an "indebtedness" within the meaning of the applicable revenue acts which would entitle a corporation to deduct the interest paid upon such bonds.

The doctrine of *res judicata* is so well fixed in the law that no useful purpose could be served here by further discussion. *Cromwell v. County of Sac,* 94 U. S. 351, 352, 353; *New Orleans v. Citizens Bank,* 167 U. S. 371; *Southern Pacific Railroad Co. v. United States,* 168 U. S. 1; *United States v. Moser,* 266 U. S. 236; *Tait v. Western Maryland Railway Co.,* 289 U. S. 620, 623; *Mary Haller,* 26 B. T. A. 395; *Charles P. Leininger,* 29 B. T. A. 874; *Portage Silica Co.,* 29 B. T. A. 881; *Edwin J. Marshall,* 29 B. T. A. 1075.

Our inquiry, therefore, is as to the propriety of its application in bar of the pending proffer of evidence.

Since the parties to both proceedings are the same, but the causes of action different, the decision in the former cases is a bar here, if, and only if, "the point or question to be determined in the latter action is the same as that litigated and determined in the original action." *Tait v. Western Maryland Railway Co., supra.*

It is true that the fact of proper consideration for the issuance of the bonds now pleaded and sought to be proved by the pending proffer, was neither pleaded nor proved by evidence in the earlier

action. Petitioner there, specifically waived the materiality of that fact and rested its position solely upon the legal proposition, that, regardless of whether there was proper consideration for the issuance of the bonds, it was entitled to deduct the amounts paid as interest thereon. Petitioner now argues that its action in this earlier proceeding was practically a demurrer to the fact of consideration, and that decision thereon could not, therefore, estop it here. That legal position might be sound if the factual premise existed. Cf. *Gould* v. *Evansville & Crawford Railway Co.*, 91 U. S. 526.

The rules of practice of the Board do not permit a technical demurrer. However, our discretionary practice of considering decisive points of law involved in proceedings before hearing evidence on the facts, in proper cases, upon formal motion therefor, has the same effect. *Conrad Hardware Co.*, 8 B. T. A. 512; *Henry M. Leland*, 8 B. T. A. 974; *Greylock Mills*, 9 B. T. A. 1281; *A. J. DeMay & Co.*, 10 B. T. A. 455; *Maple Coal Co.*, 10 B. T A 1336; *Chadbourne & Moore, Inc.*, 16 B. T. A. 961; *Greylock Mills*, 18 B. T. A. 75; *Greylock Mills* v. *White*, 63 Fed. (2d) 866; *Tex-Penn Oil Co.*, 28 B. T. A. 917.

Petitioner did not avail itself of this procedure, but went to trial on the merits.

The issue then before the Board was not the validity of the reason for his action which the respondent gave in the statements accompanying the notices of deficiencies. *Edgar M. Carnrick*, 21 B. T. A. 12; *Reuben H. Donnelley Corporation*, 26 B. T. A. 107; affd., 35 Fed. (2d) 910; certiorari denied, 281 U. S. 735. Instead, the issue presented and decided was, whether respondent's action in disallowing, for the years there involved, a deduction of alleged interest on a particular issue of the petitioner's bonds was proper for any reason. *John I. Chipley*, 25 B. T. A. 1103; *Richard L. McCann, Administrator*, 30 B. T. A. 102.

That is the pending issue, except that the disallowance involved is for later years. This difference is not controlling here. *Tait* v. *Western Maryland Railway Co.*, *supra;* *New Orleans* v. *Citizens Bank*, *supra.*

The provisions of the respective revenue acts applicable to both cases are identical. Section 234 (a) (2), Revenue Act of 1921,[1] and

---

[1] SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*    \*    \*    \*    \*    \*    \*

(2) All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry on obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title;

\*    \*    \*    \*    \*    \*    \*

section 23 (b), Revenue Act of 1928.[2] The parties are the same. The facts and circumstances surrounding this same issue of bonds, including the consideration therefor, have been constant since the bonds were issued. The mere failure of the petitioner to plead or prove any then existing and material fact in the earlier proceeding, would not seem to exclude it from the *res* therein adjudicated. *New Orleans* v. *Citizens Bank, supra.*

However, though neither pleaded nor proved by evidence in the earlier case, the existence of proper consideration for the issuance of the bonds was there specifically considered and decided. The Board, in its opinion, in the prior case, definitely discussed that very question of fact. After noting the statement of counsel for petitioner waiving its materiality and contending solely upon the issue of law, the Board assumed the absence of such consideration and, then, established the materiality of that fact in the decision of the issue by disallowing the proposed deduction upon that assumption of lack of proper consideration. *Sand Springs Railway Co., supra;* cf. *Larsen* v. *Northland Transportation Co.*, 292 U. S. 20.

Petitioner's waiver as to the fact of proper consideration had the effect of admitting its absence in the premises, regardless of whether or not that waiver was inadvertent or erroneous where, as there, the question of fact to which it was directed was then before the Board. *Tait* v. *Western Maryland Railway Co., supra.* Neither the propriety of the consideration of that fact as then present for determination nor the assumption of the absence of proper consideration at the issuance of the bonds which followed, upon which assumption the issue was then decided, can be questioned now. This Board had competent and exclusive jurisdiction of that controversy (section 274, Revenue Act of 1926) and the decision therein, remaining undisturbed, is final and conclusive. *New Orleans* v. *Citizens Bank, supra; Wobber Brothers*, 31 B. T. A. 133.

We hold that the decision of this Board in *Sand Springs Railway Co., supra*, is *res judicata* of the present proceedings. *New Orleans* v. *Citizens Bank, supra; Larsen* v. *Northland Transportation Co., supra; Tait* v. *Western Maryland Railway Co., supra.*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(b) *Interest.*—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

\*     \*     \*     \*     \*     \*     \*

The objection of respondent is sustained and an exception noted to petitioner.

Upon the record, as well as in accordance with the formal stipulation in reference thereto,

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH dissents.

