**GREENBAUM v. UNITED STATES.**

**No. M-178.**

Court of Claims.

Dec. 7, 1936.

George E. H. Goodner, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

**GOODHUE v. UNITED STATES.**

**No. 42943.**

Court of Claims.

Dec. 7, 1936.

WHALEY, Judge.

This is a suit to recover overpayments of income taxes by plaintiff upon his personal returns for the calendar years 1924 and 1925.

The sole issue for decision is whether certain payments made by plaintiff during these years are statutory losses properly deductible in determining his taxable net income for those years. The Commissioner of Internal Revenue declined to allow the deduction.

The plaintiff indorsed certain notes of the Lyk-Glas Corporation in 1922 and 1923. The corporation became financially involved in those years and plaintiff was called upon in 1922, 1923, 1924, and 1925 to pay the notes or renewals thereof. The corporation was hopelessly insolvent, and there can be no question that plaintiff sustained a loss of the entire amount which he was required to pay. The plaintiff filed a petition before the Board of Tax Appeals on the identical facts and involving the same statute and claiming losses for the years 1922 and 1923 on notes paid during these years. By a decision of the Board in August, 1930, Ben Greenbaum v. Commissioner, 20 B.T.A. 469, the plaintiff was held entitled to deduct losses sustained by reason of the notes which he had paid in those years. The present suit is for the years 1924 and 1925, claiming the right to deduct the losses occasioned by the further payment on the same notes during those years on which he was indorser.

The decision of the Board of Tax Appeals is res judicata. It was a decision on the merits between the same parties and upon the same demand for previous years. The taxpayer is entitled to "relief from redundant litigation of the. identical question of the statute's application to the taxpayer's status." Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 707, 77 L.Ed. 1405. The first installment of the 1924 tax is barred, no refund claim having been filed within the statutory period.

Judgment will accordingly be entered in favor of plaintiff by giving effect to those deductions, with entry of judgment suspended pending the submission of a computation by the parties on that basis. It is so ordered.