**SOUTHERN MARYLAND AGRICULTURAL ASSOCIATION OF PRINCE GEORGE'S COUNTY**

v.

**The UNITED STATES.**

**No. 64-56.**

United States Court of Claims.

Jan. 16, 1957.

---

Albert R. Crocco, Baltimore, Md., for plaintiff.

Homer R. Miller, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit for the refund of taxes allegedly illegally assessed against the plaintiff by the defendant for the year of 1950 in the amount of $71,641.64, plus interest thereon. The defendant has moved for a summary judgment on the grounds that the doctrine of collateral estoppel bars the plaintiff from maintaining this action, and that there is no genuine issue of fact as defendant has admitted all the material allegations contained in plaintiff's petition with the exception of legal conclusions. There has already been a decision rendered against the plaintiff on the same issues and same facts here put in issue. the only difference being in the amount of the taxes allegedly illegally assessed and the year in which they were assessed.

The relevant facts of the case may be stated as follows: The plaintiff during the years 1947, 1948, and 1949, owned and operated a mile racetrack at Bowie, Maryland, where horseracing was conducted and pari-mutuel betting was permitted under the laws of Maryland. The Maryland Racing Commission required plaintiff to collect, as agent for the Commission, one-half percent of plaintiff's mutuel pool, which was required to be deposited to the order of the Commission. With the permission of the Commission, the taxpayer was entitled to expend any of the funds it contributed for any substantial alterations, additions, changes, improvements, or repairs to and upon the property owned or leased by it, and used by it for the conduct of racing. If such moneys were not expended within three years, the unspent portion reverted to the State as part of its general funds.

The plaintiff collected and paid over to the Commission the total sum of $651,641.62 during the years 1944 to 1949, inclusive.

During the years 1947, 1948, and 1949, the Racing Commission, out of the funds collected, paid plaintiff for certain capital additions, alterations, and improvements on its racecourse in the amounts of $167,951.48, $202,809.96, and $180,427.76, respectively. These sums were included in plaintiff's income and resulted in an alleged overpayment of taxes for the years 1947, 1948, and 1949, in the amounts of $63,821.56, $77,067.78, and $68,562.55, respectively.

The plaintiff filed claims for the refund of those sums and upon rejection thereof filed suit in the United States District Court for the District of Maryland for a refund of taxes for the above-referred to years in the total amount of $210,351.89, alleging that the payments by the Racing Commission to it were not taxable income but, rather, were capital contributions and thus not taxable. That court denied recovery, Southern Maryland Agricultural Association of Prince George's County v. United States, D.C., 126 F.Supp. 125, on the basis of a case then recently decided by the Fourth Circuit Court of Appeals, United States v. Maryland Jockey Club of Baltimore City, 4 Cir., 1954, 210 F.2d 367, reversing D.C., 118 F.Supp. 349, certiorari denied 1954, 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137.

On appeal from the District Court decision, the appellate court affirmed specifically citing the Maryland Jockey Club case as the authority and reason for the affirmance. Southern Maryland Agricultural Association of Prince George's County v. United States, 4 Cir., 1955, 227 F.2d 200.

The court in the Maryland Jockey Club case concluded that payments by the Racing Commission from the Racing Fund were taxable income and were not capital contributions as contended by plaintiff since the money was received and collected by plaintiff as a result of the operation of its racetrack. The following several reasons were assigned for this conclusion: (1) They were not derived from the general funds of the State; (2) they were not characterized by the State as a subsidy or grant; (3) they were derived from receipts from the taxpayer's business; (4) they were explicitly earmarked and escrowed in a special account; (5) they were not even available to the State of Maryland except after the lapse of three years and even then only if they had not been expended by the taxpayer; (6) they were available to the taxpayer at any time within the 3-year period, with the permission of the Commission, for any substantial alterations, additions, changes, improvements or repairs to its property used for the conduct of racing; and (7) they were actually received by the taxpayer in reimbursement of such expenditures. United States v. Maryland Jockey Club, supra, 210 F.2d at page 371. On the basis of the facts there presented, this court is in agreement with the conclusion of the Fourth Circuit in the Maryland Jockey Club case.

In the case at bar, all the facts stated above relevant to the payments to the Racing Commission by the plaintiff, and the subsequent payment to the plaintiff by the Racing Commission, are identical except as to the amounts and the year involved. The year in this case is 1950, and the amount paid by the Racing Commission to the plaintiff is $170,575.34. The amount of income taxes attributable thereto amounted to $71,641.64, for which amount plaintiff here seeks recovery. There is no contention by plaintiff that there has been a change in the controlling statutes or case law subsequent to the adverse decision of its first case and there has been none. Plaintiff, nevertheless, argues that the doctrine of collateral estoppel is not applicable for at least two reasons: (1) The relevant facts are separable from the facts in the former case, and (2) the court in that case considered the legal issues raised on the basis of erroneous conceptions as to the most significant facts involved. Plaintiff also asserts that there is a genuine issue of fact, it being the question of who actually owned the Racing Fund held by the Racing Commission.

■ We hold that the doctrine of collateral estoppel is applicable to the case at hand and, therefore, the plaintiff is estopped from maintaining this action. The plaintiff's arguments for the inapplicability of the doctrine are without merit. Plaintiff is bound by the previous decision against it as to all matters declared thereby, and such decision is applicable to the same issues and facts even though they re-arise in subsequent taxable years so long as there has been no substantial change in the applicable statutes or case law. The question of ownership of the Racing Fund was decided previously and that final decision cannot here be attacked.

Plaintiff argues that the relevant facts of this case are separable from the facts of the former case and therefore the doctrine is inapplicable. We recognize the fact that it is possible for a second proceeding to involve an instrument or transaction identical with, but in a form separable from, the one dealt with in the first proceeding and that in such a situation the court in the second proceeding would be free to make an independent examination of the legal matters at issue, Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, but that is not the case here. The fact that a different taxable year is involved does not by itself make the relevant facts of the two proceedings separable as will be shown by the discussion of collateral estoppel that herein follows.

As to plaintiff's second argument, we are not at liberty to determine whether or not the Fourth Circuit had an erroneous conception of the facts involved; in fact, we must assume that no such erroneous conception existed.

■ The doctrine of collateral estoppel is actually an extension of the doctrine of *res judicata* which may be stated as follows: When a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and re-

ceived to sustain or defeat the claim or demand, but as to any other admissible matter which have been offered for that purpose. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 597, 68 S.Ct. at page 719. The parties cannot relitigate that cause of action in a new proceeding either before the same or any other tribunal.

■ As pointed out in the Sunnen case, *res judicata* as such applies only to the actual cause of action ruled upon, i.e., in a tax case it would apply only to the taxable year specifically in litigation in the initial suit and as a result thereof ruled upon; it would not apply to a subsequent suit based on an identical fact situation and involving the same laws and between the same parties, i. e., in a tax case, the identical cause of action re-arising in a subsequent taxable year. The doctrine of collateral estoppel would apply to the subsequent situation. The Court in the Sunnen case 333 U.S. at page 598, 68 S.Ct. at page 719 said that in a situation such as that "*res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel." Thus, it seems that the doctrine of collateral estoppel is basically identical to the doctrine of *res judicata*, the only difference being that it is a bar only as to the issues actually litigated and not as to those which might have been litigated. It does operate as a bar to the litigation of causes of action based on a fact situation identical to the one initially adjudicated whereas *res judicata* can act only as a bar to the relitigation of the cause of action already adjudicated. Thus, collateral estoppel is an extension of the doctrine of *res judicata*. This being so, the doctrine would not only be applicable to the court rendering the first decision but would also be just as much binding on every other court as is *res judicata*, the only exception being perhaps where the original result was unjust or where fraud or some other factor invalidating the judgment was present. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 597, 68 S.Ct. at page 719; Scott, Collateral Es-

toppel by Judgment, 56 Harv.L.Rev. 1, 10. This court in Greenbaum v. United States, 17 F.Supp. 83, 84 Ct.Cl. 77, held that a final decision by the Tax Court as to a previous taxable year was *res judicata* to a cause of action arising in a subsequent taxable year when based on the same fact situation and involving the same parties. The court there said that the victor was entitled to "relief from redundant litigation of the identical question of the statute's application to the taxpayer's status." This case indicates that at least some situations now controlled by the doctrine of collateral estoppel, i. e., applicability of a prior decision to the same fact situation re-arising in a subsequent taxable year, were previously considered to have been within the scope of the doctrine of *res judicata*. To this end see also Griswold, Res Judicata in Federal Tax Cases; 46 Yale L.J. 1320. For this reason there can be no question that collateral estoppel applies between courts, as does *res judicata*, and not only to the court that made the initial decision.

 Collateral estoppel is inapplicable when there has been a subsequent modification of the significant facts or a change or development in the controlling legal principles, statute or case law, which may have the effect of making the first determination obsolete or erroneous, at least for future purposes. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 599, 68 S.Ct. at page 720. To this end, if, in the instant case, the controlling statutes or case law had been altered in material respects, the first decision against the plaintiff would no longer be binding on it in subsequent taxable years. If it continued to be binding on the plaintiff there would be a resultant discriminatory distinction in tax liability due to the plaintiff being given a different tax treatment by reason of the first decision than the treatment that was being given to other taxpayers of the same class.

In the case at bar, the facts, issues and parties now before the court are identical to those before the court in the case of Southern Maryland Agricultural Association of Prince George's County v. United States, 4 Cir., 1955, 227 F.2d 200. There has been no intervening change in the applicable statute or case law and since the only difference between that suit and this is that a later taxable year is involved, the doctrine of collateral estoppel must operate and this court cannot now alter the previous final judgment unless, of course, the first decision was unjust or the result of fraud. That has not been shown to be the case here.

Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.