**CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

June 5, 1958.

Motion denied.

Whitman, Ransom & Coulson, New York City, for plaintiff. James K. Polk, Harold F. Noneman and Julius M. Jacobs, New York City, of counsel.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for United States of America. Gerard L. Goettel, Asst. U. S. Atty., New York City, of counsel.

PALMIERI, District Judge.

The Government moves for summary judgment solely on the ground that prior litigation between the same parties, disposed of by the Court of Claims, bars the prosecution of this suit by the plaintiff.[1] Plaintiff's suit is to recover an alleged overpayment of taxes for the calendar year 1951. The overpayment is alleged to arise because (1) the District Director of Internal Revenue has disallowed plaintiff's claim that $8,770,438.80 in New York City real estate taxes should be allowed as a deduction for taxes accrued in that year. Int.Rev.Code § 23(c) (1939), 26 U.S.C.A. § 23(c); and (2) the Director has included $2,597,364 as income received by the plaintiff in that year, Int. Rev.Code § 22(a) (1939), 26 U.S.C.A. § 22(a). During the years 1943 to 1950, plaintiff paid an aggregate of $11,367,-802.80 to New York City in disputed real estate taxes. Plaintiff contested, with the City, its liability for these taxes on the ground that its property, on which

---

1. This motion is not directed to plaintiff's claim that $1,005,771.40 should have been allowed as a depreciation deduction.

these taxes had been based, had been erroneously valued. In 1951, plaintiff's claim for a refund of the City taxes was settled, and its proper tax was established as $8,770,438.80. The City then refunded $2,597,364 to plaintiff. It is the tax treatment of these two items that is in dispute here. The Director's treatment of these items has been outlined above.

The Government moves for summary judgment on the ground that

"[t]his action is barred by virtue of the fact that the same causes of action, issues, and facts that are asserted by the complaint were or could have been raised in previous actions between this plaintiff and this defendant, which previous actions resulted in a judgment adverse to the plaintiff. * * *" Answer, par. 11.

The actions referred to in the Answer were instituted by plaintiff in the Court of Claims, seeking a refund of Federal taxes paid for the years 1938, 1939 and 1941. These refunds were sought on the same grounds as is the refund here, *i. e.*, that the contested City taxes accrued in the year in which the settlement of the contested valuations was effected, and that the refund was not income to the plaintiff in the year in which it was received from the City.[2] The Court of Claims ruled against the plaintiff, holding that the taxes were deductible in the years in which they were paid and that the refunds were income in the years received from the City. Consolidated Edison Co. of New York v. United States, 1955, 135 F.Supp. 881, 133 Ct.Cl. 376,

certiorari denied, 1956, 351 U.S. 909, 76 S.Ct. 694, 100 L.Ed. 1444.

The motion cannot be granted on the ground that the same cause of action is involved here as was at issue in the Court of Claims suit. That suit adjudicated plaintiff's refund claim for the years 1938, 1939, and 1941, while this suit seeks a refund for the year 1951. "Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action." Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898. Nor can the motion be granted on the basis that this action presents issues or facts which could have been litigated in the prior suit. "[W]here the second action between the same parties is upon a different cause * * * the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Id. 333 U.S. at pages 597–598, 68 S.Ct. at page 719.

The doctrine of collateral estoppel[3] prevents parties from relitigating a question of fact which has been determined in a prior suit between them, the determination of which was essential to the prior judgment. This is so even when the subsequent suit is on a cause of action different from that which was the basis of the prior suit. Id., 333 U.S. at page 601, 68 S.Ct. at page 721. That facet of the rule is of no avail to the Gov-

2. Seventy tax parcels were involved in both the periods 1938–1941 and 1943–1950. One hundred forty-nine parcels were involved in the earlier period only; forty-two parcels in the later period only. It is not clear from the moving papers whether these figures refer to parcels on which refunds were received from the City or parcels whose valuations were contested. In the case of the seventy parcels common to each period, the as-

sessed valuations and the claimed over-assessments varied from year to year.

3. See Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1 (1942); Griswold, Res Judicata in Federal Tax Cases, 46 Yale L.J. 1320 (1937); Raum, The Sunnen Case and Res Judicata in Federal Tax Litigation, 7 Inst.Fed.Tax. 253 (N.Y.U.1949); Developments in the Law —Res Judicata, 65 Harv.L.Rev. 818 (1952).

ernment here, however, for there are no facts at issue in this case which were determined by the Court of Claims.[4]

■ Collateral estoppel also prevents parties from relitigating an issue of law in certain circumstances. It appears that the legal issue involved in this case and in the Court of Claims suit, is the same: "[W]hat year is the proper year for deduction of contested real estate taxes where payment of the full amount of the tax assessed was made to the City and State of New York within the taxable years, but the correct amount of the liability was not settled until a subsequent taxable year." Consolidated Edison Co. of New York v. United States, 1955, 135 F.Supp. 881, 881–882, 133 Ct.Cl. 376, certiorari denied 1956, 351 U.S. 909, 76 S.Ct. 694, 100 L.Ed. 1444. But collateral estoppel prevents the parties from relitigating an issue of law only when that issue arises out of "the very same facts" as were involved in the prior suit. Commissioner of Internal Revenue v. Sunnen, supra, 333 U.S. at page 601, 68 S.Ct. at page 721. It is not sufficient that the facts be "similar or identical." Id., 333 U.S. 601, 68 S.Ct. 721. This rule is exemplified by the holdings in the Sunnen case. The Court there determined that the Commissioner could be estopped from contesting the tax consequences for the year 1937, of an assignment to taxpayer's wife of royalties under a particular contract, where the consequences of the assignment of the same contract had been determined by the Board of Tax Appeals in a prior suit dealing with the years 1929–1931.[5] Id., 333 U.S. at pages 602–603, 68 S.Ct. at pages 721–722. The Court also held, however, that the earlier decision as to the conse-quences of the assignment of that one contract could not operate as an estoppel so as to prevent the parties from relitigating the same legal issue as to contracts which were not involved in the earlier suit. Id. 333 U.S. at page 602, 68 S.Ct. at page 721. This was so even though the later contracts were "identical in all important respects" with the one that had been before the Board. Id., 333 U.S. 602, 68 S.Ct. 721. So here, plaintiff is not estopped from relitigating the legal issue which was involved in the Court of Claims suit, for the refunds received from the City and here at issue arose out of settlement transactions which were not the "very same" as those involved in the earlier suit, even though they may have been "identical."

The proper determination of this motion cannot be better expressed than by paraphrasing a portion of the Sunnen decision, 1948, 333 U.S. 591, 602, 68 S.Ct. 715, 721:

"It is readily apparent in this case that the [refund] growing out of the [settlement transactions] which were not involved in the earlier action before the [Court of Claims] and which concerned different tax years are free from the effects of the collateral estoppel doctrine. That is true even though those [settlement transactions] are identical in all important respects with the [1941 settlement], the only one that was before the [Court of Claims], and even though the issue as to those [settlement transactions] is the same as that raised by the [1941 settlement]. For income tax purposes, what is decided as to one [settlement] is not conclusive as to any other [settle-

4. It would appear that the factual issues in this suit, e. g., the City taxes paid in the years 1943–1950, and the amount refunded in 1951, are of such a nature that the issues presented by this suit can be determined on a motion for summary judgment, on which the only question for the Court would be one of law, i. e., the Federal tax consequences of these City tax transactions.

5. The estoppel did not apply because the Court found that there had been an "intervening legal development" between the Board of Tax Appeals' decision and the later case. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 602–610, 68 S.Ct. 715, 721–725.

ment] which is not then in issue, however similar or identical it may be. * * *"

The Government has cited a number of cases in which the doctrine of collateral estoppel was applied. With one exception, however, those cases involved situations in which the parties were held to be estopped from contesting the legal effect of the same document,[6] obligation,[7] or partnership,[8] as had been at issue in a prior proceeding.[9] In the one exception, Bennett v. Commissioner of Internal Revenue, 5 Cir., 1940, 113 F.2d 837, collateral estoppel was applied to prevent the parties from litigating the tax consequences which flowed from the taxpayer's taking up a series of notes where those consequences had been previously adjudicated as to a separate, though identical, note. That decision must be deemed to have been overruled by the Sunnen holding as to the separate, though identical, contracts.[10]

The effect of the Court of Claims decision is only that which should be accorded to it under the doctrine of *stare decisis*.[11] Accordingly, the Government's motion, seeking summary judgment on the ground that the prior decision is a bar to the maintenance of this suit, cannot be granted.[12]

The motion is denied.

So ordered.

6. City of New Orleans v. Citizens' Bank of Louisiana, 1897, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202 (State charter); Cory v. Commissioner of Internal Revenue, 3 Cir., 1947, 159 F.2d 391 (trust agreement); Terre Haute Electric Co. v. Commissioner of Internal Revenue, 7 Cir., 1938, 96 F.2d 383 (lease). It appears that the same rule of the State Racing Commission was at issue in the prior and subsequent suits in Southern Maryland Agricultural Ass'n of Prince George's County v. United States, 1957, 147 F.Supp. 276, 137 Ct.Cl. 176. The Court recognized "the fact that it is possible for a second proceeding to involve an instrument or transaction identical with, but in a form separable from, the one dealt with in the first proceeding and that in such a situation the court in the second proceeding would be free to make an independent examination of the legal matters at issue * * *." 1957, 147 F.Supp. 276, 279, 137 Ct.Cl. 176.

7. Tait v. Western Maryland Ry. Co., 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Greenbaum v. United States, 1936, 17 F. Supp. 83, 84 Ct.Cl. 77; Sand Springs Ry. Co., 1934, 31 B.T.A. 392.

8. Lynch v. Commissioner of Internal Revenue, 7 Cir., 1954, 216 F.2d 574; Jones v. Trapp, 10 Cir., 1950, 186 F.2d 951; Slifka v. Johnson, D.C.S.D.N.Y.1956, 146 F.Supp. 249.

9. The Government cites two cases in addition to those cited in the three preceding footnotes. In each of these, the same fact as had been determined in the prior litigation was determinative in the subsequent litigation. Fairmont Aluminum Co. v. Commissioner of Internal Revenue, 4 Cir., 222 F.2d 622, certiorari denied 1955, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (amount of equity invested capital); George Kemp Real Estate Co., 1951, 17 T.C. 755, affirmed 2 Cir., 205 F.2d 236, certiorari denied 1953, 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384 (average base period net income under Int.Rev. Code § 722(b) (1939), 26 U.S.C.A. Excess Profits Taxes, § 722(b)).

10. "[I]t seems to us that [Sunnen] has drastically limited the scope of the doctrine of *res judicata* or collateral estoppel as applied in the field of tax litigation." Maud H. Bush, 1948, 10 T.C. 1110, 1113, affirmed 2 Cir., 1949, 175 F. 2d 391 (change in legal rule prevented application of doctrine).

11. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 601, 68 S. Ct. 715, 92 L.Ed. 898. See Griswold, supra note 3 at page 1357.

12. The briefs and arguments on this motion have been limited to the effect of collateral estoppel on this case.