**SYLGAB STEEL & WIRE CORPORATION, Plaintiff,**

v.

**IMOCO–GATEWAY CORPORATION, Defendant.**

**No. 71 C 1848.**

United States District Court,
N. D. Illinois,
April 17, 1973.

See also, D.C., 357 F.Supp. 659.

Hibben, Noyes & Bicknell, Chicago, Ill., for plaintiff.

**658**

Kinzer, Dorn & Zickert, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The action, arising under the patent laws of the United States, involves the alleged infringement by defendant of plaintiff's patent covering reinforcing rod supports for concrete slabs. Jurisdiction is conferred by 28 U.S.C. § 1338(a).

Defendant's motion is founded upon its assertion that the patent sued upon is invalid because it does not set forth the best mode for implementing the invention, as required by the provisions of 35 U.S.C. § 112:

> "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

The undisputed facts include the following: The original application for plaintiff's patent was filed on April 5, 1960. The inventor filed a continuation application on February 10, 1964, while the original application was still pending; subsequently, the original was abandoned. The specifications in the two applications are identical. However, those specifications contain a description only of the best mode known to the inventor at the time he filed his original application, notwithstanding his development of a superior mode subsequent to the original filing but prior to the filing of the continuation application.

■ The best mode provision of § 112 has been held to require only that the inventor set forth in the specifica-tion that mode which he considers the best at the time of filing his application. Adams v. United States, 165 Ct.Cl. 576, 330 F.2d 622, 625–626 (1964), aff'd 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966); Maxon Premix Burner Co. v. Eclipse Fuel Engineering Co., 171 U.S. P.Q. 138, 148 (N.D.Ill.1971). Defendant contends that the specification of the continuation application should have contained a description of the best mode known to the inventor at the time of the latter filing, i. e., February 10, 1964, in order to comply with the mandate of § 112. Responding to this contention, plaintiff asserts that any deviation from the original specification would preclude the latter application's status as a continuation application [Manual of Patent Examining Procedure (R–29), § 201.07], thereby foreclosing the concomitant benefit [under 35 U.S.C. § 120] of applying the date of the original application to the continuation application.

■■ It is clear that one of the requisites for a continuation application is that its specification contain no matter extraneous to that in the original specification. See § 201.07, Manual of Patent Examining Procedure (hereinafter "MPEP"); and § 60, Rules of Practice in Patent Cases. However, defendant maintains that the inventor, knowing of a better mode than that specified in the original application, had the burden or obligation to file a continuation-in-part application, whereby he could preserve the original filing date while including the best mode known to him in 1964. Clearly, this contention is without merit. At the outset, the Court notes that the original filing date applies to a continuation-in-part application only with respect to the subject matter common to both applications. See § 201.11, MPEP; and Federico, Commentary on the New Patent Act, at page 33 of Comm., 35 U. S.C.A.

■ Furthermore, this Court is aware of no statute or other authority imposing upon a patent applicant the burden of updating his pending applica-

tion as he discovers more practicable means of implementing his invention, so long as such improvements are covered by the specification and claims of his patent application. Indeed, Judge Rich, an author of the statute in question, held that there is no statutory basis for insisting that "the mode disclosed be in fact the *optimum* mode of carrying out the invention." In Re Gay, 309 F.2d 769, 773, 50 C.C.P.A. 725 (1962). In this context Judge Rich, recognizing that patent applications may be filed prior to any reduction of the invention to commercial form, declared,

> "Manifestly, the sole purpose of this [best mode] requirement is to restrain inventors from applying for patents while *at the same time* concealing* from the public preferred embodiments of their inventions which they have in fact conceived."

309 F.2d at 772 (emphasis added) Consequently, to uphold defendant's contention in effect would be to require inventors to amend their pending patent applications each time an improved embodiment of the invention is discovered. This Court refuses to endorse such a position.

■■ Finally, it is settled law that the original application and a continuation application thereof together constitute a single continuous application. Godfrey v. Eames, 68 U.S. (1 Wall.) 317, 17 L.Ed. 684 (1864). Defendant does not contest the fact that the specification of the continuation application included the best mode of reinforcing rod supports known to the inventor at the time he filed his original application on April 5, 1960. It is therefore the conclusion of this Court that the specification of the continuation application was in compliance with the best mode requirement of 35 U.S.C. § 112.

Accordingly, it is hereby ordered that defendant's motion for summary judgment is denied.

---

* The Court notes that in the instant case the inventor did not conceal the embodiment he preferred in 1964; indeed, he

described it fully in his affidavit accompanying the continuation application.