**TEXACO, INC.**

v.

**The UNITED STATES.**

**No. 416–73.**

United States Court of Claims.

July 14, 1978.

J. W. Bullion, Dallas, Tex., attorney of record for plaintiff; James F. Birmingham, White Plains, N. Y., of counsel.

Theodore D. Peyser, Jr., Washington, D. C., with whom was Asst. Atty. Gen. M. Carr Ferguson, for defendant; C. Patrick Derdenger, Washington, D. C., of counsel.

Before COWEN, Senior Judge, and DAVIS and KUNZIG, Judges.

ON THE PARTIES' CROSS–MOTIONS FOR PARTIAL SUMMARY JUDGMENT

COWEN, Senior Judge:

In this tax refund suit, the parties have stipulated the facts material to the issue raised in their cross-motions for partial summary judgment. The question for decision is what basis should be used in computing deductions for the depreciation of plaintiff's seven tankers for the tax year 1957.[1] Resolution of the issue depends on whether the assessment of additional taxes against plaintiff is barred by the doctrine of collateral estoppel, as plaintiff claims, or whether the application of that doctrine is precluded by change in the controlling legal principles, as defendant contends. We hold that there has been such a change in the legal climate and that defendant's motion should be granted.

I.

In 1943 and 1944, plaintiff purchased seven tankers from the United States Government for $20,134,130.85. Congress later enacted the Merchant Ship Sales Act of 1946, ch. 82, § 9, 60 Stat. 41 (codified as 50 U.S.C.App. § 1742 (1970 ed.)), which provided for price adjustments for vessels purchased from the Government during World War II. Plaintiff subsequently applied for and received price adjustments of $4,552,-053 on the seven vessels which it had purchased during 1943 and 1944.

---

1. This is the issue raised in paragraph 13 of plaintiff's first amended petition filed November 30, 1973.

In an ensuing dispute with the Internal Revenue Service (IRS), plaintiff argued that its adjusted basis on the seven vessels for depreciation purposes was $15,582,077, the amount which plaintiff claimed as its actual cost of the vessels after the price adjustment had been applied. The Commissioner of IRS determined that plaintiff's adjusted basis was $11,945,523, the "statutory sales price" of the seven vessels under the Merchant Ship Sales Act of 1946. The difference between $15,582,077 and $11,945,523, a total amount of $3,636,554, stood as the actual dollar amount in dispute.

Plaintiff filed four petitions in this court seeking refunds, plus interest, based on four years of straight line depreciation deductions taken on the $3,636,554 of disputed cost. These depreciation deductions had been disallowed by the Commissioner for the taxable years 1946,[2] 1947, 1948 and 1949. Plaintiff later filed four additional petitions raising the same issue with respect to depreciation on the vessels, which had been disallowed for the taxable years 1950, 1951, 1952 and 1953. This court, in *Socony Mobil Oil Co. v. United States*, 287 F.2d 910, 153 Ct.Cl. 638 (1961), ruled that plaintiff's adjusted basis for the seven vessels was $15,582,077, not the $11,945,523 determined by the Government. On December 17, 1962, the court entered judgment for plaintiff in the amount of $351,749.83, plus interest, for the years 1947–49. The judgment was satisfied by a payment of $594,476.22 on April 16, 1963. Similarly, in *Texaco, Inc. v. United States*, 159 Ct.Cl. 595 (1962), judgment was rendered in favor of plaintiff in the amount of $603,529.14, plus interest, for the years 1950–53. Payment of this judgment in the total amount of $882,410.93 was made on May 8, 1963.

At about the same time, other taxpayers litigated the identical issue which this court had decided adversely to the Government in *Socony Mobil, supra*. In two cases, *United States v. Waterman Steamship Corp.*, 330

F.2d 128 (5th Cir. 1964), and *National Bulk Carriers, Inc. v. United States*, 331 F.2d 407 (3d Cir. 1964), the Fifth and Third Circuits arrived at conclusions exactly contrary to this court's decisions. They held the correct adjusted basis of vessels purchased from the Government prior to 1946 was the statutory sales price provided in the Merchant Ship Sales Act of 1946. The Supreme Court granted *certiorari* in *Waterman* to resolve the conflict between the two circuits and the Court of Claims. The Supreme Court concluded that the Fifth Circuit was correct in deciding that the adjusted cost basis for depreciation purposes was equal to the statutory sales price. *Waterman Steamship Corp. v. United States*, 381 U.S. 252, 85 S.Ct. 1389, 14 L.Ed.2d 370 (1965). On June 1, 1965, *certiorari* was denied in *National Bulk Carriers, Inc. v. United States*, 381 U.S. 933, 85 S.Ct. 1762, 14 L.Ed.2d 698.

In auditing plaintiff's income tax return for the year 1957, the IRS added $2,096,841.49 to plaintiff's depreciation reserve of $14,316,681.04. The amount added is the total additional depreciation claimed by plaintiff in the actions filed in this court with respect to the $3,636,554 in litigation for the years 1946 through 1953. Since plaintiff's claim for additional depreciation in the amount of $148,451.13 for the year 1946 was disallowed by this court, the IRS erroneously included that amount in its addition to plaintiff's depreciation reserve.[3] It is plaintiff's position that the net depreciable balance of the assets in its account "Type T–2 Tankers" for 1957 should be $5,810,734.66, and that the depreciation allowable thereon for 1957 should be $805,448.36. The IRS used a net depreciable balance of $3,713,893.17 for the account which includes the seven tankers in issue, but the Government admits that this figure should be increased to $3,862,344 and that the allowance for depreciation for 1957 should be increased accordingly.

---

**2.** Plaintiff's claim for a depreciation deduction of $148,451.13 for the taxable year 1946 was dismissed by this court as untimely filed.

**3.** The Government concedes that the correct amount which should have been added to plaintiff's depreciation reserve is $1,948,390.36 instead of the $2,096,841.49 added by the IRS. Brief for defendant at p. 10.

With respect to the seven vessels, plaintiff has been allowed total deductions for depreciation for the tax years 1946 through 1956 of $11,577,690. As previously stated, the total statutory sales price for the seven vessels was $11,945,523.

## II.

In support of its motion, the Government relies on the Supreme Court's decision in *Waterman* and contends that since plaintiff was erroneously allowed deductions for depreciation in the amount of $1,948,390.36 for the years 1947 through 1953, section 1016(a)(2) of the Internal Revenue Code of 1954 requires that plaintiff's adjusted basis for the seven tankers in issue must be reduced by that amount.[4]

■ In *Computing & Software, Inc. v. Commissioner*, 65 T.C. 1153 (1976), the Tax Court held that where there has been an erroneous deduction for depreciation in a prior year, section 1016(a)(2) requires that the taxpayer's basis be adjusted by the amount of depreciation previously taken to the extent that it provided a tax benefit. We agree that this is a correct interpretation of the statute.[5]

Since it is undisputed that plaintiff received a tax benefit for the additional deductions for depreciation taken for the years involved in the previous litigation in this court, section 1016(a)(2) requires that plaintiff's basis for depreciation be adjusted as urged by the Government unless that adjustment is barred by the doctrine of *res judicata* and collateral estoppel.

■ In arguing that section 1016(a)(2) was not intended to overrule the judicially imposed principles of collateral estoppel and *res judicata*, plaintiff first contends that the Government's action with respect to the tax year 1957 is barred by *res judicata*. This contention is clearly erroneous. A tax dispute which has been litigated and pursued to judgment is *res judicata* only as to subsequent proceedings involving "the same tax year" as the previous litigation. *Commission v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Since this court's decisions in *Socony Mobil* and *Texaco, Inc., supra*, did not involve plaintiff's taxes for the year 1957, it is obvious that *res judicata* is not applicable here.

■ Plaintiff's principal argument is that collateral estoppel bars the Government's action on the 1957 depreciation issue. It is true, as plaintiff contends, that collateral estoppel applies in the relitigation of an issue "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and *applicable legal rules remain unchanged*." [Emphasis added.][6] However in correctly stating the rule, plaintiff has, in effect, conceded that legal precedent bars its recovery on the issue now before us.

> \* \* \* where the situation is vitally altered between the time of the first judgment and the second, the prior determination is not conclusive, \* \* \* a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable. \* \* \*

*Commissioner v. Sunnen*, 333 U.S. 591, 600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948). This has long been the rule enunciated by the

---

**4.** "§ 1016. Adjustments to basis

"(a) General rule.—Proper adjustment in respect of the property shall in all cases be made—

> \* \* \* \* \* \*

"(2) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent of the amount—

"(A) allowed as deductions in computing taxable income under this subtitle or prior income tax laws, and

"(B) resulting (by reason of the deductions so allowed) in a reduction for any taxable year of the taxpayer's taxes under this subtitle (other than chapter 2, relating to tax on self-employment income), or prior income, war-profits, or excess-profits tax laws, but not less than the amount allowable under this subtitle or prior income tax laws."

**5.** For the legislative history of section 1016, see S.Rep.No.1160, 82d Cong., 2d Sess., pp. 1–2 (1952–2 Cum.Bull. 370–71).

**6.** Plaintiff's Moving Brief at p. 13.

Supreme Court, as well as by this court. *State Farm Ins. Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945); *Blair v. Commissioner,* 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465 (1937); *CBN Corp. v. United States,* 364 F.2d 393, 398, 176 Ct.Cl. 861, 868 (1966); *Southern Maryland Agricultural Ass'n v. United States,* 147 F.Supp. 276, 280, 137 Ct.Cl. 176, 182 (1957); *Boeing v. United States,* 98 F.Supp. 581, 586, 121 Ct.Cl. 9, 30 (1951). Without doubt, the intervening decision of the Supreme Court in the *Waterman* case on the identical issue litigated previously in this court, qualifies as a change in the legal atmosphere, which renders the bar of collateral estoppel inapplicable here.

### III.

For the reasons set forth above, defendant's motion for partial summary judgment is granted to the extent that plaintiff's deduction for depreciation on the tankers for the year 1957 should be computed on the basis of a net depreciable balance of $3,862,344.30 as of December 31, 1956. Plaintiff's motion for partial summary judgment is denied, and the case is remanded to the Trial Division for determination of the amount of depreciation which plaintiff should be allowed for the year 1957 in accordance with this opinion and for disposition of the remaining issues in suit.