**AL–SITE CORP., Plaintiff,**

v.

**VSI INTERNATIONAL, INC. and Myron Orlinsky, Defendants.**

**AL–SITE CORP., Plaintiff,**

v.

**VSI INTERNATIONAL, INC. and Myron Orlinsky, Defendants.**

**MAGNIVISION, INC., Plaintiff,**

v.

**VSI INTERNATIONAL, INC., and Myron Orlinsky, Defendants.**

Nos. 91–0847–CIV, 92–2016–CIV and 94–1920–CIV.

United States District Court, S.D. Florida.

June 12, 1995.

**1552**

Stephen E. Nagin, Herzfeld & Rubin, Miami, FL, Peter T. Cobrin, Cobrin Gittes & Samuel, New York City, for plaintiffs.

Richard L. Horn, Wilson & McIlvaine, Chicago, IL, Donald W. Rupert, Keck Mahin & Cate, Chicago, IL, Myles G. Cypen, Miami Beach, FL, for defendants.

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES OF BEST MODE AND COLLATERAL ESTOPPEL IN ACTION NOS. 1 AND 3

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses of Best Mode and Collateral Estoppel in Action Nos. 1 and 3 (d.e. 645 in Action No. 1; d.e. 518 in Action No. 3; d.e. 214 in Action No. 5). The parties have fully briefed the issue for the court and, upon careful consideration of the record, plaintiff's motion is granted.

## I. BACKGROUND

Action Nos. 1 and 3 allege infringement of plaintiff's U.S. Patents Nos. 4,976,532 ('532 patent) and 5,144,345 ('345 patent), respectively. On April 18, 1995, defendants served their amended answers in Actions No. 1 and 3 and alleged, *inter alia,* that

> Al–Site is collaterally estopped from asserting that the ['345 or '532] patent is valid, based upon the specific findings of the jury with respect to the best mode requirements and the judgment of the Court in *Al–Site Corp. v. The Bonneau Company,* CV–92–7753(GHK) (C.D.Cal).[1]

*See* Answer to Second Amended Complaint and Counterclaim (filed April 19, 1995, in Action No. 1) and Defendants's Answer and Counterclaims to Plaintiff Al–Site Corp.'s Amended Complaint (filed April 19, 1995, in Action No. 3).

Plaintiff seeks partial summary judgment on this affirmative defense on essentially two main grounds. First, plaintiff argues that the court should, as a matter of law, deny defendants the affirmative defense of collateral estoppel because all the requirements of collateral estoppel are not met.[2] Second, plaintiff claims that the Federal Circuit's de-

---

1. In its motion, plaintiff also states that defendants raised as an affirmative defense that "[plaintiff] violated the duty to disclose "best mode" inasmuch as the PTO never was advised that the best mode contemplated by the inventor in carrying out his invention utilized a form of plastic different than that disclosed in the specification, as well as a form of cantilever bar, fastened, constructed and shaped in a different manner than what was shown in the specification and drawings." *See* Plaintiff's Motion and Incorporated Memorandum For Partial Summary Judgment at 2. The court cannot find this affirmative defense in either of the answers. The only affirmative defenses asserted (in either one or both answers), other than collateral estoppel, are: invalidity, noninfringement, inequitable conduct, laches and equitable estoppel. Since this "best mode" defense does not exist as recited by the plaintiff, the court will not address it directly.

2. Plaintiff argues that the requirement of identical issues is not met because the *Bonneau* case involved claim 5 of the '345 patent, and that claim is not at issue in these cases. Rather, the present cases involve claims 8–9, 14–15 and 17 of the '532 patent and claims 1–2 of the '345 patent. Additionally, plaintiff argues that the best mode issue was not essential to the finding of non-liability in *Bonneau* because the finding was based on several grounds.

cision in *Transco Products, Inc. v. Performance Contracting, Inc.,* 38 F.3d 551 (Fed. Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1102, 130 L.Ed.2d 1069 (1995), changed the law regarding plaintiff's duty to update best mode disclosures for continuing applications and, thus, precludes the application of collateral estoppel. Defendant responds with three principal counter-arguments: (1) the claim invalidated in *Bonneau* and the claims asserted in Action Nos. 1 and 3 share common elements and the inventor knew the best mode for all claims but did not disclose it to the PTO, (2) the decision in *Transco* does not apply to the present situation and (3) all of the requisites for collateral estoppel have been met.

## II. STANDARD OF REVIEW

Summary judgment is mandated after "adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The moving party has the initial burden of identifying the evidence which it believes shows an absence of a genuine issue of material fact. This burden may be discharged by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 323–25. If the moving party discharges this burden, the non-moving party "may not rest upon mere allegation or denials ..., but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Summary judgment should be entered in a patent case, as in all cases, if, after a review of all the evidentiary material in the record, "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Johnston v. IVAC Corp.,* 885 F.2d 1574, 1576–77 (Fed. Cir.1989).

## III. ANALYSIS

It is a well-established principle that "[c]ollateral estoppel is inapplicable when there has been a subsequent modification of the significant facts or *a change or development in the controlling legal principles, statute or case law, which may have the effect of making the first determination obsolete or erroneous, at least for future purposes.*" *Southern Maryland Agricul. Ass'n v. United States,* 147 F.Supp. 276, 280 (Ct.Cl. 1957) (emphasis added). *See also Wilson v. Turnage,* 791 F.2d 151, 157 (Fed.Cir.), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986) (Prior decisions generally act as collateral estoppel, however, "where the situation is vitally altered between the time of the first judgment and the second, the prior determination is not conclusive ... [and] a judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable.") (*quoting, Commissioner v. Sunnen,* 333 U.S. 591, 600, 68 S.Ct. 715, 720, 92 L.Ed. 898 (1948)). Such is the scenario before the court today.

On June 21, 1994, the jury in the *Bonneau* case returned its special verdict on several issues. The special verdict with respect to the issue of best mode reads as follows:

> Bonneau contends that the '345 patent fails to disclose what Michael Nyman, as of December 1, 1988 (the filing date of the continuation-in-part patent application), contemplated as the best mode for carrying out his invention. Do you find by clear and convincing evidence that the '345 patent fails to disclose what Michael Nyman, as of December 1, 1988 contemplated as the best mode for carrying out his invention?
>
> Yes   <u> X </u>
> No   <u>    </u>

*See* Plaintiff's Motion and Incorporated Memorandum For Partial Summary Judgment, Exhibit A. Since the original application was filed on January 19, 1988, it is clear that this jury verdict, as well as defendants' present affirmative defense, was premised on an alleged failure to "update" the best mode disclosure on December 1, 1988. At the time of the verdict, there was a conflict in prece-

dent on the issue of whether the court should measure the best mode disclosure requirement as of the date the parent application was filed or as of the date the continuation was filed. Kenneth R. Amado, *The Best Mode Requirement in United States Patent Practice in 1993*, 12 J. Marshall J. Computer & Info. L. 353 (1993). The conflicting precedents were two Northern District of Illinois cases. The first, *Sylgab Steel & Wire Corp. v. Imoco–Gateway Corp.*, 357 F.Supp. 657 (N.D.Ill.1973), held that there is no obligation to update when filing a continuation application so long as the continuation application and the parent application share common subject matter. The second, *Transco Products, Inc. v. Performance Contracting, Inc.*, 821 F.Supp. 537 (N.D.Ill.1973) (*Transco I*), held that best mode disclosure was measured at the time of the continuation application and, therefore, a patent may be invalid for failure to update best mode. Given that the court in *Bonneau* instructed the jury on the issue of updating, it is clear that the court was following the position delineated in *Transco I*.

In September of 1994, the Federal Circuit reversed the decision in *Transco I*. *Transco Products, Inc. v. Performance Contracting, Inc.*, 38 F.3d 551 (Fed.Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1102, 130 L.Ed.2d 1069 (1995) (footnote omitted) (*Transco II*). In *Transco II*, the defendant claimed that the plaintiff had knowledge at the time of filing his continuation application that he did not have at the time of filing the parent application and, thus, plaintiff had violated the best mode requirement by not disclosing this new knowledge upon filing the continuation application. After an in-depth analysis, the court held that "the date for

evaluating a best mode disclosure in a continuing application is the date of the earlier [parent] application with respect to common subject matter." *Transco II*, 38 F.3d at 557. Therefore, according to this recent Federal Circuit decision, if the continuation application deals with the same subject matter as the parent application, i.e., it is adequately covered by the parent application, then there is no obligation to update the best mode and the continuation application gets the benefit of the filing date of the parent application. As such, one must look to the time of the filing of the parent application to see if the inventor truly disclosed the best mode known to him/her at that time.

■ The court finds that the decision in *Transco II* is precisely the type of intervening decision contemplated by the courts to "have the effect of making the first determination obsolete or erroneous," *Southern Maryland Agricul. Ass'n v. United States*, 147 F.Supp. at 280, so as to bar the application of collateral estoppel. This decision has a tremendous affect on the application of the *Bonneau* verdict to the present situation because now, as a matter of law, plaintiff is not required to update the best mode if its meets the requirements of *Transco II*, which it does. The first requirement under *Transco II* is that a continuation patent is involved. Both the '345 and the '532 patents meet this requirement.[3]

The next requirement is that the continuation application is adequately covered by the parent application. In other words, that part of the continuation application that would have required an updated best mode disclosure must cover subject matter already covered in the parent application—it cannot be

---

**3.** Defendants agree that the *Transco II* decision addresses the applicability of the best mode disclosure requirement to a continuation patent, but disagree that these patents fall within that category. Rather, defendants claim that the present patents are based on a continuation-in-part patent, which differs from a continuation patent, and that the *Transco II* decision recognizes this distinction. This court, and apparently the *Transco II* court as well, disagrees. The court in *Transco II* recognized that "[a]n applicant may file a continuation, divisional, or continuation-in-part (CIP) application of a prior application, *all of which the PTO characterizes as "continuing"*

*applications*." *Transco II*, 38 F.3d at 555 (emphasis added). The court went on to state that the "PTO has noted that the expressions "continuation," "divisional," and "continuation-in-part" are merely terms used for administrative convenience ... [and] the bottom line is that, no matter what term is used to describe a continuing application, that application is entitled to the benefit of the filing date of an earlier application only as to common subject matter." *Id.* at 556.

Therefore, it is clear that the court in *Transco II* does not distinguish between different types of continuation applications and, thus, neither will this Court.

new subject matter. This requirement is similarly met here. As plaintiff points out, the declaration of Professor John Anders (Exhibit B to Plaintiff's Reply Memorandum) explains how Figures 1–3 of the '345 Patent support claims 1–2. A comparison of the parent application involved in this case (VSI Exhibit C at 19) and the drawings in the '345 patent (VSI Exhibit B at 2) shows that the drawings supporting the '345 patent all appeared in the original parent application filed in January of 1988. Identical drawings also appear as Figures 1–3 of the '532 patent (VSI Exhibit A at 2) and similarly support the claims in that patent. Therefore, the evidence before the court shows that the claims of the continuation applications are adequately supported by the original parent application, and thus, are entitled to the benefit of the filing date of the parent application. Finally, defendants do not dispute that plaintiff learned of any alleged new best mode *after* the original parent application, *see* Defendants' Memorandum in Opposition to Plaintiff's Motions for Partial Summary Judgment at 10–11, therefore, there is no genuine issue of material fact regarding whether, at the time of the original filing in January of 1988, plaintiff violated any best mode disclosure requirements.

## IV. CONCLUSION

Based on the foregoing, the court finds that the decision in *Transco II* is an intervening decision that acts to preclude the application of collateral estoppel here.[4] Furthermore, under *Transco II*, the court finds that plaintiff was not obligated, as a matter of law, to update the best mode disclosure at the time of the continuation applications. Lastly, the court finds that no genuine issue of material fact exits with respect to the validity of the original best mode disclosure in January of 1988. Therefore, for the reasons recited above, it is

ORDERED AND ADJUDGED that plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses of Best Mode and Collateral Estoppel in Action Nos. 1 and 3 (d.e. 645 in Action No. 1; d.e. 518 in Action

No. 3; d.e. 214 in Action No. 5) is hereby ***GRANTED.***

DONE AND ORDERED.

---

4. In light of this finding, the court does not find it necessary to address the issue of whether all

the requirements of collateral estoppel have been met.