Per Curiam:
This case was referred pursuant to Buie 37 (e) to Mastín Gr. White, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on defendant’s motion to dismiss plaintiff’s petition. The commissioner has done so in an opinion filed October 1, 1962. Plaintiff sought review of the commissioner’s opinion and recommendation for conclusion of law, briefs were filed by both parties and the case was submitted to the court on oral argument by counsel. Since the court is in agreement with the .opinion and recommendation of the trial commis *477 sioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. It is, therefore, concluded that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant’s motion to dismiss plaintiff’s petition is granted and the petition is dismissed.
Davis, Judge, did not participate in the consideration and decision of this case.
OPINION OP COMMISSIONER
The petition in this case was filed on March 21, 1962. In it, the plaintiff asserts a claim for salary allegedly due him as a mail carrier for the period subsequent to his dismissal by the Post Office Department effective March 23,1956. The plaintiff says that his dismissal was unlawful.
The operative facts pertaining to the plaintiff’s employment and dismissal are stated as follows in the petition:
* * * The petitioner was given a probational appointment on January 24,1942, in the War Department, Air Corps at Large, at Chanute Field, Illinois; enlisted in the Army of the United States on November 27, 1942, where he served until his honorable discharge on February 13,1946; was thereafter continuously employed at the Department of Commerce, Bureau of the Census, until his resignation on October 1, 1952; was informed by form letter from the Civil Service Commission dated February 18, 1953, that he had competitive civil service status; was employed by the United States Post Office Department on or about October 3, 1955, as a Probational Classified Career Substitute Carrier, such employment commencing on November 1, 1955, subject to investigation and to satisfactory probational period of one year; was changed in status, effective February 25, 1956, to that of a Begular Carrier, subject only to completion of satisfactory probational period; and on March 12, 1956, was notified of his removal, effective March 23,1956, because of his failure “to qualify in case routing during probationary period,” and was so removed.
The petition alleges that the plaintiff’s dismissal by the Post Office Department was unlawful because that Department, in effecting the dismissal, failed to follow the grievance procedure prescribed by Part 746 of the Postal Manual. *478 The provisions of Part 746 are paraphrased in the petition as follows:
* * * [I]t is provided that any employee, including one serving a probationary period, is entitled to file a grievance or appeal, and to a hearing before a three-man hearing board, before which the employee may present evidence, witnesses, and argument. Thereafter the hearing board is to furnish recommendations in writing to the unit head or postmaster, and transmit a copy thereof to the aggrieved employee. The employee may then appeal within thirty days to the reviewing officer or the regional director, who is to render a written decision. Further appeal is provided to the Postmaster General. * * *
On April 16,1962, the defendant filed a motion to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted. A supporting memorandum submitted by the defendant states that in 1956 the plaintiff instituted another suit in this court on the same cause of action, that the previous case was dismissed in 1958 on the defendant’s motion for summary judgment, and that the present suit is barred by the doctrine of res judicata. The plaintiff’s previous case is identified in the defendant’s memorandum as No. 313-56. 141 Ct. Cl. 373, 158 F. Supp. 564, cert. denied, 358 U.S. 855 (1958).
In his response to the defendant’s motion, the plaintiff asserts (among other things) that since the petition does not contain any information concerning prior litigation between the parties, the defendant cannot properly attempt to bring any prior litigation to the attention of the court by means of a motion to dismiss the petition. Such a matter, according to the plaintiff, can be brought before the court only by means of an affirmative defense in the defendant’s answer and competent proof at the trial of the case.
The plaintiff’s position on the point mentioned in the preceding paragraph is rmsound. For the sake of convenience and in the interest of the prompt disposition of litigation, a court can properly take judicial notice of pertinent data revealed by its own records relative to prior proceedings between the same parties. Dimmick v. Tompkins, 194 U.S. 540, 548 (1904); Freshman v. Atkins, 269 U.S. 121, 124 *479 (1925); National Fire Ins. Co. v. Thompson, 281 U.S. 331, 336 (1930); 9 Wigmore, Evidence, § 2579, p. 570 (3d ed., 1940).
The present situation provides an appropriate opportunity for the exercise by the court of the prerogative of judicial notice. At an early stage of the case, the defendant states to the court in a motion and supporting memorandum that the cause of action which the plaintiff seeks to assert in the petition has already been litigated by the parties to a final conclusion in a previous case that was decided by this court adversely to the plaintiff. There is no reason to put the parties (or the court) to the trouble and expense of a trial in order to ascertain whether the defendant’s statement is accurate or inaccurate. That can readily be determined from an examination of the court’s own records.
It appears from an examination of the court’s records relating to the prior case mentioned by the defendant, No. 313-56, that on July 20, 1956, the plaintiff filed a petition in which he asserted a claim for salary allegedly due him as a mail carrier for the period subsequent to his dismissal by the Post Office Department effective March 23,1956. The operative facts pertaining to the plaintiff’s employment and dismissal were stated in language identical with that previously quoted in the second paragraph of this opinion from the petition in the present case. However, the earlier petition, in stating why the plaintiff believed that his dismissal was unlawful, did not refer to any alleged violation by the Post Office Department of Part 746 of the Postal Manual. Instead, the petition in the earlier case asserted that the plaintiff’s dismissal was unlawful because the Post Office Department, in effecting the dismissal, failed to follow the procedures prescribed by Section 14 of the Veterans’ Preference Act of 1944 (58 Stat. 387, 390) and by the so-called Lloyd-LaFollette Act (Section 6 of the Act of August 24, 1912 (37 Stat. 539, 555), as amended by the Act of June 10, 1948 (62 Stat. 354)).
Both the defendant and the plaintiff filed motions for summary judgment in the earlier case. On January 15, 1958, the court rendered a decision on the motions (141 Ct. Cl. 373). The court denied the plantiff’s motion for sum *480 mary judgment, granted the defendant’s motion for summary judgment, and dismissed the petition. The basis for the court’s decision was a holding that the plaintiff was not entitled to the protection of either Section 14 of the Veterans’ Preference Act of 1944 or the Lloyd-LaFollette Act. The plaintiff petitioned the Supreme Court for a writ of certiorari, and certiorari was denied by the Court on October 13,1958 (358 TT.S. 855).
It is readily apparent that the present petition is based on the same cause of action that was asserted in the petition which the plaintiff filed on July 20,1956, in case No. 313-56, i.e., the plaintiff’s claim that he is entitled to his salary as a mail carrier for the period subsequent to his allegedly unlawful dismissal by the Post Office Department effective March 23, 1956. This being so, the court has no alternative but to dismiss the present petition under the doctrine of res judicata.
The doctrine of res judicata applies to repetitious suits involving the same cause of action. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). The doctrine is to the effect that a valid judgment rendered upon the merits constitutes an absolute bar to a subsequent action upon the same claim or demand. It is a finality as to the claim or demand in controversy, and such claim or demand cannot again be litigated. Cromwell v. County of Sac, 94 U.S. 351, 352 (1876) ; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1 (1942). A judgment has the effect of putting an end to and extinguishing the cause of action which was the basis of the proceeding in which the judgment is given. Restatement, Judgments, § 45, p. 175 (1942); Scott, supra, at p. 2.
It is true, as the plaintiff points out in his response to the defendant’s motion, that in the earlier case he only asserted, and the court only considered, two grounds for the alleged unlawfulness of his dismissal (i.e., the alleged failure of the Post Office Department, in effecting his dismissal, to follow the procedure prescribed by Section 14 of the Veterans’ Preference Act of 1944, and the Department’s alleged failure to follow the procedure prescribed by the Lloyd-LaFollette Act), whereas in the present petition he is asserting a different ground (i.e., the alleged failure of the Post Office De *481 partment, in effecting bis dismissal, to follow tlie grievance procedure prescribed by Part 746 of the Postal Manual). With respect to the ground now asserted, the plaintiff says in his response to the defendant’s pending motion that “Res judicata is not a proper defense where there has been a change of law since the original action and where there has been no decision on the merits of the issue raised for the first time in the second proceeding.” The “change of law” upon which the plaintiff relies is identified as the judicial pronouncement of the legal principle (as stated by the plaintiff) “that violation of governmental regulations regarding discharges constitutes a proper legal basis for challenging discharge by a probationary employee.”
The plaintiff does not make a proper distinction between the general rule of res judicata, which has to do with the effect of a judgment upon the cause of action on which the judgment is based, and the related principle of collateral estoppel, which has to do with the effect of a judgment upon a subsequent controversy between the same parties based upon a different cause of action.
Under the general rule of res judicata, as stated earlier in this opinion, a valid judgment on the merits extinguishes the cause of action on which it is based, and constitutes an absolute bar to a subsequent action upon the same claim or demand. The claim or demand, having passed into judgment, cannot again be brought into litigation by the parties in legal proceedings upon any ground whatever, including a ground that was not considered or decided in the original litigation. Cromwell v. County of Sac, supra, at pp. 352-353; Commissioner v. Sunnen, supra, at p. 597; Clark v. United States, 150 Ct. Cl. 470, 475, 281 F. 2d 443, 446 (1960). This is because the interests of parties, of the courts, and of the public require that there be an end to controversies that have been litigated to a final conclusion. Commissioner v. Sunnen, supra, at p. 597; Scott, supra, at p. 1.
Of course, the general rule of res judicata, as outlined in the preceding paragraph, is not applicable to a situation where parties who have engaged in prior litigation with respect to one cause of action thereafter undertake to litigate a different cause of action. In such a situation, although *482 the parties are prevented by the principle of collateral estop-pel from relitigating in the second action any pertinent matters of fact that were actually litigated and determined in the first proceeding (Cromwell v. Comity of Sac, supra, at p. 353), the parties are free to litigate in the second case any points, factual or legal, that were not at issue in the first proceeding, even though such points could have been presented and decided at that time (Commissioner v. Sunnen, supra, at p. 598). Moreover, with respect to matters of law determined by the court in the earlier controversy between the parties, it seems to be the prevailing view that the parties in a subsequent action upon a different claim or demand are not estopped from insisting that the previous legal determinations were erroneous. United States v. Moser, 266 U.S. 236, 242 (1924); Commissioner v. Sunnen, supra, at p. 599; Scott, supra, at pp. 7, 10.
However, the parties in our present case are not litigating a different cause of action from that litigated in case No. 313-56. On the contrary, the present case is based upon the same claim or demand that the court considered and disposed of in case No. 313-56, i.e., the plaintiff’s claim that he is entitled to his salary as a mail carrier for the period subsequent to his allegedly unlawful dismissal by the Post Office Department effective March 23, 1956. That cause of action has been extinguished; and it is immaterial that the particular ground now urged by the plaintiff respecting the alleged failure of the Post Office Department to follow the grievance procedure prescribed by Part 746 of the Postal Manual was not decided, or even considered, in the earlier case. Scott, supra, at p. 2.
Although immaterial, it may be pointed out as a matter of interest that the same point which the plaintiff seeks to raise in the present case, relative to the alleged failure of the Post Office Department to follow its own regulation in effecting the plaintiff’s dismissal, could readily have been raised by the plaintiff in the earlier case, as the pertinence of that point had been clearly established by judicial decisions rendered prior to the disposition of the plaintiff’s earlier case on January 15,1958. It was on June 17,1957 — or 7 months before this court announced its decision in the plaintiff’s *483 earlier case — that the Supreme Court held in Service v. Dulles, 354 U.S. 363, 388, that where a Government agency, in dismissing an employee, failed to comply with, a procedural regulation which the agency had promulgated, the dismissal was unlawful. Although the complaining employee in the Service case was a permanent employee of the Government rather than a probationary employee, the rationale of the Supreme Court’s decision was as plainly applicable to cases involving probationary employees as it was to cases involving permanent employees. This was confirmed by the Supreme Court’s action on October 14, 1957, in the case of Watson v. United States, 355 U.S. 14. The Supreme Court’s action in the Watson case was announced 3 months prior to the disposition of the plaintiff’s first case by this court.
The Watson case originated in this court. The Court of Claims held on March 6, 1957 (137 Ct. Cl. 557, 563) that allegations to the effect that the War Department, in dismissing a probationary employee, had failed to follow the procedures outlined in administrative regulations theretofore issued by the Civil Service Commission and by the War Department were immaterial in determining whether the dismissal was unlawful. .The plaintiff Watson thereupon applied to the Supreme Court for a writ of certiorari. On October 14,1957 (355 U.S. 14), the Supreme Court granted certiorari and, at the same time, vacated the judgment of this court and remanded the case for reconsideration in the light of the Supreme Court’s decision in the Service case. This court thereafter rendered a judgment in favor of the plaintiff Watson (142 Ct. Cl. 749).
Although the Supreme Court’s decisions in the Service and Watson cases were rendered months before the plaintiff’s first case was decided by this court, the plaintiff did not, during the intervening period, seek to amend his petition in the first case so as to allege that the Post Office Department had failed to follow its own regulation in effecting his dismissal. The lack of any such allegation was expressly noted by this court in disposing of the first case adversely to the plaintiff. The court said (141 Ct. Cl. at p. 381) :
*484 We note further that the plaintiff does not claim any violation by the Post Office Department of any regulation which was promulgated to implement its statutory authority, cf. Service v. Dulles, 354 U.S. 363 (1957).
The sound public policy establishing certainty in legal relations through the final adjudication of cases would be violated if the plaintiff were permitted now to relitigate the matter of his dismissal by the Post Office Department on the ground that the Department failed to follow its own regulation in effecting the dismissal.
It is my opinion, therefore, that the defendant’s motion to dismiss the petition for failure to state a claim on which relief can be granted should be allowed.