**FORREST VILLAGE APARTMENTS, INC.**

**v.**

**The UNITED STATES.**

**No. 105–66.**

United States Court of Claims.

Jan. 20, 1967.

Carl L. Shipley, Washington, D. C., attorney of record, for plaintiff; Shipley, Akerman & Pickett, Washington, D. C., of counsel.

Russell W. Koskinen, Washington, D. C., with whom was Asst. Atty. Gen. Barefoot Sanders, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS and SKELTON, Judges.

PER CURIAM:

This case was referred to Trial Commissioner Herbert N. Maletz with directions to make recommendation for conclusions of law. The commissioner has done so in an opinion and report filed on September 28, 1966. Neither party requested review of the commissioner's opinion, nor an extension of time for so doing within the time as set forth in the Rules of the court and the case was submitted to the court without oral argument. Since the court is in agreement with the opinion and recommendation of the trial commissioner, it hereby adopts the same as the basis for its judgment in this case as hereinafter set forth. Therefore, defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied and plaintiff's petition is dismissed.

OPINION OF COMMISSIONER *

MALETZ, Commissioner:

Plaintiff is a corporation which owns and operates an 80-unit rental apartment project in Philadelphia, Pennsylvania. The project was financed in October 1957 by a mortgage in the amount of $601,500 that was insured by the Federal Housing Administration pursuant to section 608 of the National Housing Act, 12 U.S.C. § 1743 (1958). In February 1964 plaintiff refinanced the project with a conventional mortgage and paid in full the balance due on the FHA-insured mortgage. As a prerequisite to giving its consent to the refinancing, the FHA required plaintiff to pay a "prepayment premium charge" of one percent of the original amount of the prepaid mortgage (i. e., a prepayment charge of $6,015), in accordance with the following agency regulation (24 CFR § 282.4 (1949)):

*Prepayment premium charges.* (a) In the event that the principal obligation of any mortgage accepted for insurance is paid in full prior to maturity, the mortgagee shall within thirty (30) days thereafter notify the Commissioner of the date of prepayment and shall collect from the mortgagor and pay to the Commissioner an adjusted premium charge of one percent (1%) of the original face amount of the prepaid mortgage. * *

\* \* \* \* \* \*

(c) No adjusted premium shall be collected by the mortgagee in the following cases:

\* \* \* \* \* \*

(2) Where the final maturity specified in the mortgage is accelerated solely by reason of partial prepayments

---

\* The opinion and recommended conclusion of law are submitted pursuant to order of the court under Rule 54(b). The facts are stated in the opinion.

made by the mortgagor which do not exceed in any one calendar year fifteen percent (15%) of the original face amount of the mortgage;

\* \* \* \* \* \*

Thereafter, plaintiff brought suit in this court to recover the prepayment premium charge of $6,015 contending (i) that the FHA had no authority under statute to require a prepayment charge of one percent, and (ii) that the regulation, in any event, was unlawful in that it violated the Congressional mandate that prepayment charges must be "equitable" in amount. The court, on the basis of its decision in Camellia Apartments, Inc. v. United States, 334 F.2d 667, 167 Ct.Cl. 224 (1964), cert. denied, 379 U.S. 963, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965), entered an order on October 29, 1965 granting a motion by defendant for judgment on the pleadings and dismissing the petition.[1] Forrest Village Apartments, Inc. v. United States, 173 Ct.Cl. 1179 (1965), cert. denied 383 U.S. 943, 86 S.Ct. 1197, 16 L.Ed.2d 207 (1966).

Plaintiff now brings the present suit in which it seeks recovery under paragraph (c) (2) of the FHA regulation of 15 percent of the $6,015, or $902.25, its argument being that that paragraph, reasonably construed, requires the waiver of the one percent prepayment premium charge on the first or last 15 percent of a partial prepayment. Defendant insists, however, that the decision in the prior suit is res judicata. It states that the same regulation was pleaded in plaintiff's petition in the prior action in which plaintiff tried to recover the entire premium and that "[h]aving pleaded the regulation now relied on, plaintiff obviously could also have asked alternatively for recovery of the 15% portion in \* \* \* [the prior action]." In such circumstances, defendant asserts, the "doctrine of res judicata operates as a bar to litigation of all issues which might have been raised in the prior suit." Plaintiff's reply is that the court, in its original decision, did not pass upon the claim now asserted and that the decision is thus not res judicata.

Wholly overlooked in the parties' arguments is the distinction—which is of vital importance in considering the application of res judicata—between the effect of a judgment on a later suit involving the *same* claim or cause of action and the effect of a judgment upon a later controversy between the parties based upon a *different* claim or cause of action. That distinction (which was delineated as early as 1876 in Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 352–353, 24 L.Ed. 195) was explained in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 598, 719, 68 S. Ct. 715, 92 L.Ed. 898 (1948) as follows: "The general rule of *res judicata* applies to repetitious suits involving the same cause of action. \* \* \* [and] provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit \* \* \* are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose' \* \*.

"But where the second action between the same parties is upon a different cause or demand, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered' \* \* \*. Since the cause of action involved in the second proceeding is not

1. In *Camellia Apartments* the court held that the foregoing FHA regulation covering prepayment charges was valid and that the amount of such charges, as specified in the regulation, was not inequitable.

swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, *res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel." See also e. g., Virginia-Carolina Chemical Co. v. Kirven, 215 U.S. 252, 257, 30 S.Ct. 78, 54 L.Ed. 179 (1909); Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444 (1918); United Shoe Machinery Corp. v. United States, 258 U.S. 451, 458–459, 42 S.Ct. 363, 66 L.Ed. 708 (1922); United States v. Moser, 266 U.S. 236, 241–242, 45 S.Ct. 66, 69 L.Ed. 262 (1924); Larsen v. Northland Transp. Co., 292 U.S. 20, 25, 54 S.Ct. 584, 78 L.Ed. 1096 (1934); Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 671, 64 S.Ct. 268, 88 L.Ed. 376 (1944); Southern Maryland Agricultural Assn. v. United States, 147 F.Supp. 276, 279–280, 137 Ct.Cl. 176, 180–182 (1957); Bander v. United States, 161 Ct.Cl. 475, 480–482 (1963); Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1, 2–7 (1942).

■■ Coming to the situation here, it is apparent that the present claim or cause of action is a separate and different one from the claim that the court considered and disposed of in the prior suit.[2] The prior suit involved a claim for recovery of the entire prepayment charge of $6,015 on the basis that the regulation was invalid. The present suit, on the other hand, is premised on the validity of the regulation and seeks recovery thereunder not of the entire prepayment charge of $6,015, but of 15 percent of that charge on the basis of what is contended to be a reasonable construction of paragraph (c) (2). We have here, in short, a situation in which (i) the demand for recovery, the rights alleged to be infringed, and the applicable principles of law are different; and (ii) judgment in the present suit would not infringe rights established in the original action. In such circumstances, res judicata does not preclude the present litigation. Nor does collateral estoppel operate as a bar inasmuch as the question now presented was not litigated or determined in the first action. The fact that (at plaintiff's option) the question might have been litigated in that action is of no consequence.[3] For (as seen above)

---

2. The term "cause of action" might mean one thing for purpose of the application of res judicata and something quite different for other purposes, i. e., amendment of the pleadings, etc. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67–68, 53 S.Ct. 278, 77 L.Ed. 619 (1933). "For the traditional and hydra-headed phrase 'cause of action' the Federal Rules of Civil Procedure [and the rules of this court] have substituted the word 'claim'. It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts." Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir., 1943). See also Moore Federal Practice (2d ed.) § 2.06 [2]. As to what constitutes the same claim or cause of action for purposes of res judicata, various suggestive tests have been formulated though a single mechanistic formula is lacking. In general, in order to eliminate needless repetitive litigation, the causes of action have been considered the same if: (1) the same principles of substantive and procedural law are applicable to both actions; (2) the same right is alleged to be infringed by the same wrong in both actions; (3) the judgment sought in the second action would infringe rights established in the first; (4) the same evidence would support both actions; or (5) the operative facts are the same in both actions. See Developments—Res Judicata, 65 Harv.L.Rev. 818, 824–31 (1952). See also Restatement Judgments §§ 61–7; Moore § 0.410 [1].

3. Under the rules of this court, a party may set forth two or more statements of a claim alternatively; he also may state

where a second suit is brought upon a different claim or cause of action, the judgment operates as an estoppel only as to questions "actually litigated and determined in the original action, not what might have been thus litigated and determined." Cromwell v. County of Sac, supra, 94 U.S. at 353.

On the merits, however, plaintiff's claim must be denied as clearly not within the scope of paragraph (c) (2) of the regulation. The paragraph applies only to final maturity accelerated solely by reason of partial prepayments which do not exceed 15 percent of the original face amount of the mortgage in any one calendar year. Plaintiff's mortgage was refinanced and the FHA-insured mortgage paid off in one transaction; thus, the final maturity was not accelerated solely by reason of partial prepayments and the prepayment exceeded 15 percent of the original face amount in the year that it was accomplished. As this court said in Camellia Apartments, Inc. v. United States, supra (334 F.2d at 672, 167 Ct.Cl. at 231): "Paragraph (c) (2), by its terms, applies only to '*partial* prepayments' of not more than 15 percent of the mortgage principal made '*in any one calendar year.*' Since plaintiffs paid more than the maximum permissible amount in one such year, they do not come within the terms of this exception." [Emphasis in original.]

Plaintiff is not entitled to recover. Defendant's motion for summary judgment should be granted; plaintiff's motion for summary judgment should be denied; and plaintiff's petition should be dismissed.

---

as many claims as he has regardless of consistency but is not compelled to do so. See rule 13. "[W]here permissive joinder is involved the doctrine of res judicata does not prevent the bringing of separate actions on separate causes of action even though they might all have been joined in a single suit." Moore op. cit., supra, § 0.410 [1]. On the other hand, as indicated previously, where the causes of

action are the same res judicata will prevent a party who has failed to invoke all his remedies (including inconsistent ones) in the first suit from asserting them in the subsequent litigation. Id. § 0.405 [7].