Mary Elizabeth **WILSON**, Plaintiff-Appellant,

v.

**RETAIL CREDIT COMPANY**, Defendant-Appellee.

No. 72–2984.

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1973.

W. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiff-appellant.

Webb M. Mize, Gulfport, Miss., for defendant-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

In this diversity case Mrs. Wilson appeals from the district court judgment dismissing her complaint on the ground that it is now barred by Mississippi's statute of limitations. Miss.Code Ann. § 722 (1942). Because we affirm the district court's judgment on the basis of Mississippi's collateral estoppel rule, we find it unnecessary to reach the several contentions presented by Mrs. Wilson.

In an earlier action brought by Mrs. Wilson against Retail Credit Company,

[*] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

the district court granted summary judgment against her. We subsequently affirmed the decision of the lower court.[1] Mary Wilson v. Retail Credit Co., 438 F.2d 1043 (5th Cir. 1971). She has now brought this action which involves the same transactions and same legal rights as did her previous action against Retail Credit Company.[2]

Under these circumstances we think the Mississippi doctrine of collateral estoppel is dispositive. The late Chief Justice Ethridge, of the Mississippi Supreme Court fully explicated the doctrine in his learned opinion in Garraway v. Retail Credit Co., 244 Miss. 376, 141 So.2d 727 (Miss.1962):

> Collateral estoppel is a doctrine which operates, following a final judgment, to establish conclusively a matter of fact or law for the purposes of a later lawsuit on a different cause of action between the parties to the original action. . . . In short, where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent suit on a different cause of action. *Id.* at 730.

Every citizen is entitled to his day in court; however, our judicial system was not designed as an experimental laboratory to license losing parties to bring vexatious and repetitive claims based on the same transaction.[3]

Affirmed.

---

1. Mrs. Wilson's late husband instituted a similar claim which resulted in a summary judgment in favor of appellee, W. R. Wilson v. Retail Credit Co., 325 F.Supp. 460 (S.D.Miss.1971). We affirmed. 457 F.2d 1406 (1972).

2. Mrs. Wilson's original suit was instituted on the theory of libel. We affirmed the dismissal of her action because she did not bring the suit within one year as required by the Mississippi statute of limitations applicable to libel actions. Miss. Code Ann. § 742 (1942). The instant complaint is grounded in products liability, misrepresentation and deceit, invasion of privacy, and interference with property and contract rights. Regardless of the disingenuous characterization, no new facts are alleged in the present litigation which were not already decided by the previous suit.

3. See also, Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Jernigan, 410 F.2d 718 (5th Cir. 1969) and 1B J. Moore, Federal Practice ¶ 0.410 [1] at 1151–53 (2d ed. 1965).