Bennett, Judge,
concurring in part and dissenting in part:
I respectfully disagree with the reasoning in the court’s order in this case, although I concur in the result. I conclude that plaintiffs are not barred by res judicata but *626 that they have failed to state a claim upon which relief can be granted. Therefore, I would grant defendant’s motion to dismiss on this second ground.
The court correctly concludes that 10 U.S.C. § 1406 is inapplicable to plaintiffs’ situation. Sections 1406 and 1331(d) of Title 10 of the United States Code were both enacted by Pub. L. No. 89-652, 80 Stat. 902 (1966). Section 1331(d) requires the Government to calculate a reservist’s years of service and to notify the reservist when he becomes eligible for retired pay. Section 1406 was intended to protect a reservist who, in reliance on the Government’s computation of the years of service, has left military service before his entitlement to retired pay would vest under section 1331. See S. Rep. No. 1693, 89th Cong., 2d Sess. (1966), reprinted in [1966] U.S. CODE CONG. & AD. NEWS 3268, 3269. In contrast, plaintiffs’ ineligibility for retired pay is in no way due to any reliance by them on the notice of eligibility allegedly sent to them by the Government. Plaintiffs are not eligible for retired pay because of their lack of active duty during wartime, and their failure to meet this requirement could not have been remedied at the time that notice of eligibility was sent to them. I therefore agree that plaintiffs cannot prevail on the merits of their claim.
Plaintiffs’ failure to state a claim within the scope of section 1406 has no bearing on the question of res judicata. See, for example, Forrest Village Apartments, Inc. v. United States, 178 Ct. Cl. 490, 371 F.2d 500 (1967). In effect, the court is holding that because plaintiffs must lose on the merits of their claim under section 1406, their claim cannot be read as being made under that section hut must be read as being made under some other section, i.e., section 1331. It is improper for the court to agree with defendant’s construction that the actual basis for plaintiffs’ claim is section 1331. Plaintiffs’ petition states that they are suing under section 1406 (as well as other sections), and plaintiffs reaffirm this in their opposition to defendant’s motion to dismiss. It is certainly plaintiffs’ prerogative to state the basis for their suit even if they cannot prevail upon such basis.
*627 Once the illogical grounds offered by the court for applying res judicata are dismissed, the application of res judicata hinges upon whether section 1406 creates a cause of action distinct from section 1331. It is well established that a later suit between the same parties is not barred by res judicata if it involves a different cause of action. Commissioner v. Sunnen, 333 U.S. 591, 597-98 (1948); Forrest Village Apartments, Inc. v. United States, supra, 178 Ct. Cl. at 495, 371 F.2d at 502-03.
Defendant argues that only section 1331 creates a cause of action while section 1406 merely estops the Government in certain cases with respect to this cause of action. This view of section 1406 is inaccurate because section 1331 creates no rights, no entitlements, and no cause of action for a reservist who does not meet the specific requirements of sections 1331(a) and (c). If, however, that reservist receives a notice within the scope of section 1406, he becomes thereby entitled to retired pay under section 1406 even though no right existed prior to the notice.
There is no simple test as to what constitutes the same claim or cause of action for purposes of res judicata. In the past, this court has considered causes of action to be the same if: (1) the same principles of substantive and procedural law are applicable to both actions; (2) the same right is alleged to be infringed by the same wrong in both actions; (3) the judgment sought in the second action would infringe rights established in the first; (4) the same evidence would support both actions; or (5) the operative facts are the same in both actions. Forrest Village Apartments, Inc. v. United States, supra, 178 Ct. Cl. at 496 n.2, 371 F.2d 503 n.2. More recently, the court has acted in a pragmatic manner, giving weight to such considerations as whether the facts are related in time, space, motivation or the like so as to form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding and usage. Container Transport Int’l, Inc. v. United States, 199 Ct. Cl. 713, 718, 468 F.2d 926, 928-29 (1972).
Regardless of the test applied, I conclude that plaintiffs’ present cause of action differs from the one presented in Alexander v. Fioto, 430 U.S. 634 (1977). The different *628 evidence, operative facts and issues of law applicable to the two causes of action outweigh the similarity of the right which plaintiffs seek to establish in both actions. Because of the complications which could have ensued had plaintiffs sought to raise the section 1406 issue in the class action, the claims under sections 1331 and 1406 cannot be considered as one convenient trial unit. While a different result might possibly be correct if the first suit was not a class action, it would have been difficult although not impossible to litigate the distinct facts and issues relating to section 1406 which almost certainly affected only a few members of the class.
I therefore conclude that plaintiffs are now suing under a new cause of action and are not barred by res judicata. I also disagree with the court’s conclusion in footnote 1 of the order that the decision in Alexander v. Fioto, supra, would dictate the denial of plaintiffs’ claims even if they were not a member of the class action. Although plaintiffs’ claims under section 1406 must be denied, Alexander does not discuss this provision and offers no guidance at all on the question presently before the court.