Judgments; res judicata; claim of alleged taking of plaintiff’s patent rights.- — On June 6,1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
Plaintiff, acting pro se, brings this action
* * * for compensation for damages deriving from the fraudulent destruction of the Plaintiffs property by the U.S. Governement [sic] in violation of Art. I, Sec. 8 and [the] Fifth Amendment of the U.S. Constitution, Patent Laws and Art. 4, quater [sic] of the International Convention for the Protection of Industrial Property.
Defendant has asserted a motion to dismiss on the ground of res judicata. Upon consideration of the briefs, without oral argument, we hold for defendant.
Plaintiffs claim is for damages allegedly suffered from the failure of the United States to allow the licensing of his *679 patented agricultural fungicide. The asserted damages are a capitalization of the value of the patented fungicide. Plaintiff first brought suit in this matter in 1968. In that case, Mosca v. United States, 189 Ct. Cl. 283, 417 F. 2d 1382 (1969), cert. denied 399 U.S. 911 (1970), we granted defendant’s motion to dismiss for failure to state a claim. The essential facts are stated in the above-cited case and will not be repeated here.
The only changes in this second petition are that the fungicide patent has now expired and now plaintiff also alleges, without any factual support, that the denial of his request for a license to sell the fungicide was the result of fraudulent and criminal acts by various Government officials.
We feel plaintiffs current petition is barred by the doctrine of res judicata. A finding of res judicata requires that: (1) the court’s prior decision must be a valid and final judgment, (2) the suit before the court must involve the same claim or cause of action as in the prior decision, (3) the prior decision must have been made on the merits of the case, and (4) the same parties must be involved in both cases. Bander v. United States, 161 Ct. Cl. 475 (1963); Forrest Village Apartments, Inc. v. United States, 178 Ct.Cl. 490, 371 F. 2d 500 (1967).
The first petition of plaintiff, involving the same parties as the instant petition, was held to be insufficient to state a claim upon which relief could be granted. Such a disposition was a final judgment of the court. See Wilson v. Retail Credit Co., 474 F. 2d 1260 (5th Cir. 1973).
In determining whether the present action presents the same cause of action as the prior decision, the following factors are often taken into account: whether the present action (1) rests on the same principle of substantive and procedural law, (2) involves the same right alleged to be infringed by the same wrong, (3) has the same evidence to support both claims, and (4) has the same operative facts. Forrest Village Apartments, Inc. v. United States, 178 Ct. Cl. at 496 n.2, 371 F. 2d at 503 n.2. Plaintiff has still not alleged any attempt to comply with the licensing requirements of the licensing agencies. The only change in conditions which *680 now exist is that plaintiffs rights have terminated in the fungicide due to the expiration of the patent.
The expiration of the patent does not alter the fact that plaintiff is in essence repeating his claims for compensation for failure to license his fungicide, which he claims (as he did in 1968) was a denial of his patent rights. The present claim also involves the same facts, same evidence, and same questions of law. Therefore, there has been no change in the substance of the petition and this present claim presents the same cause of action as the prior Mosca decision. Also, although plaintiff alleges fraud and criminal acts in this action, matters which are beyond our jurisdiction, merely presenting a new legal theory is not sufficient to avoid the application of res judicata. Bander v. United States, supra.
In the prior decision, plaintiff was granted oral argument and given a complete opportunity to present his legal arguments. The fact that summary judgment was granted on defendant’s motion to dismiss does not mean the decision was not on the merits. Plaintiff therefore had his opportunity in court on the merits of this action and no more is required. Wilson v. Retail Credit Co., supra.
In light of the above, we hold that all the elements required for the application of res judicata are present and necessitate the granting of defendant’s motion.
it is therefore ordered that defendant’s motion to dismiss on the grounds of res judicata is granted and the petition is dismissed.