This suit arises out of a sale of real property by the Veterans Administration to plaintiff who appears here pro se seeking to contest foreclosure and make a claim for alleged waste to the property. Defendant moves for summary judgment, without oral argument, on the grounds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. We agree with defendant.
In 1972, plaintiff bought a house in Bellport, New York, from the Veterans Administration. Plaintiff defaulted on the note secured by a mortgage on the property and the VA foreclosed. The foreclosure action was filed May 27, 1976, and summary judgment, foreclosing any right, title, or interest that plaintiff had in the property, was granted by the United States District Court for the Eastern District of New York on February 17,1977. Plaintiff appealed and, on May 22, 1978, the United States Court of Appeals for the Second Circuit affirmed the judgment rendered by the district court.
On January 4, 1980, plaintiff filed another suit in the same district court, Civil Action No. 80-C-0024, against the Director of the Veterans Administration and Red Carpet Real Estate. In the suit he seeks to contest the foreclosure and to make claim against Red Carpet Real Estate for waste to the property.
On February 14,1980, the government filed its Notice of Motion for Judgment on the Pleadings, asking for judgment on the pleadings, dismissing the complaint in its entirety, and for an order "enjoining plaintiff from instituting any further actions with regard to the property which is the subject matter of this complaint.” Government’s motion for judgment on the pleadings and for an order enjoining plaintiff is currently pending in district court.
*542 Plaintiffs claim before this court contesting foreclosure must fail because it is barred by the doctrine of res judicata. The foreclosure action was filed in district court and the government was granted summary judgment, and upon plaintiffs appeal, the district court’s judgment was affirmed by the Second Circuit Court of Appeals. Since plaintiffs present suit before us involves the same claim and the same parties as the district court action, the doctrine of res judicata applies. IB Moore’s Federal Practice ¶ 0.405[1] (1980); Bander v. United States, 161 Ct.Cl. 475 (1963). Furthermore, this court lacks jurisdiction in this matter since plaintiff has again instituted this matter before the district court in Civil Action No. 80-C-0024.28 U.S.C. § 1500 (1976).
Plaintiffs claim against Red Carpet Real Estate for waste to the property is also not within the jurisdiction of this court since it does not in any way involve the Veterans Administration and plaintiff does not so allege. 28 U.S.C. § 1491 (Supp. II 1978). For the above reasons, defendant’s motion is granted.
rr is therefore ordered and concluded that the defendant’s motion for summary judgment be and it is granted. Plaintiffs petition is dismissed.