**Thomas S. DeVRIES and Joan L. DeVries, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 92–127C.**

United States Court of Federal Claims.

June 8, 1993.

Jeffrey C. Mochalski, La Crosse, WI, attorney of record for plaintiffs.

R. Alan Miller, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

HARKINS, Senior Judge:

Plaintiffs' claims are before the court on cross-motions for summary judgment. Oral argument was heard on June 4, 1993.

The complaint in this case asserts claims for breach of a contract between plaintiffs and the Commodity Credit Corporation (CCC) in the Conservation Reserve Program (CRP) of the Department of Agriculture. 16 U.S.C. §§ 3831–36 (1988); 7 C.F.R. §§ 704.1–.27 (1993). The contract was signed February 19, 1988, and became effective on May 3, 1989, for a 10–year period. On July 28, 1989, plaintiffs filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Wisconsin, pursuant to 11 U.S.C., Chapter 7. The CRP contract, listed as an executory contract in the bankruptcy petition, was not assumed by the trustee in bankruptcy.

The CRP is administrated on behalf of the CCC by the Administrator of the Agricultural Stabilization and Conservation Service (ASCS), through state and county ASCS committees in every state. On October 30, 1989, the county ASCS terminated the CRP contract on the ground that 11 U.S.C. § 365(d)(1), on executory contracts, stated that if the trustee in a Chapter 7 case does not assume the contract within 60 days after the order for relief, such contract is deemed rejected. On appeal, the termination was reaffirmed by the county ASCS, sustained by the state ASCS and, on November 2, 1990, by the Deputy Administrator, State and County Operations (DASCO).

Plaintiffs in February 1991 filed a motion to reopen the bankruptcy case to enforce the CRP contract, alleging that the ASCS/CCC termination of the CRP contract constitutes discriminatory treatment under 11 U.S.C. § 525. The bankruptcy court issued its opinion on July 22, 1991, holding that plaintiff had failed to show a violation of Section 525. The court found that the CRP contract was an executory contract, that pursuant to Section 365(d)(1) the contract was "deemed rejected," and, pursuant to Section 365(g)(1), that rejection constitutes statutory breach of the contract.

The issue presented in the cross-motions for summary judgment is whether the prior adjudication before the bankruptcy court precludes litigation in this court on the issues raised in plaintiffs' complaint.

At the close of argument, a bench ruling was made and the reasons for the decision were stated on the record. The following was decided:

On the record before the court, there are no genuine factual disputes between the

parties, and disposition by summary judgment procedures is appropriate. Summary judgment is required if there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RCFC 56(c); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant has the burden of demonstrating that there are no genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where both parties move for summary judgment, the court must evaluate each party's motion on its own merits, taking care to draw all reasonable inferences against the party whose motion is under consideration. *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1391 (Fed.Cir.1987). To defeat a summary judgment motion, an opposing party "must proffer countering evidence sufficient to create a genuine factual dispute." *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1562 (Fed.Cir. 1987).

As affirmative defenses, defendant contends both the doctrine of res judicata and the doctrine of collateral estoppel apply to plaintiffs' claims. Defendant argues that the prior adjudication in the bankruptcy court precludes plaintiffs from litigating their claims in this court. Plaintiffs argue that the bankruptcy litigation involved a different cause of action, and that the bankruptcy forum did not offer the full procedural and substantive relief offered by the Court of Federal Claims.

■ Res judicata, commonly referred to as claim preclusion, provides that when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties and their privies are barred from bringing a subsequent suit based on the same cause of action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Alyeska Pipeline Serv. Co. v. United States,* 688 F.2d 765, 769 (Ct.Cl.1982), *cert. denied,* 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983). Claim preclusion prevents relitigation of all claims that were actually litigated as well as claims that could have been litigated. Res judicata consequences of a final judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal judgment principle subsequently overruled in another case. *Federated,* 452 U.S. at 398, 101 S.Ct. at 2427. The rationale underlying the doctrine of claim preclusion rests on considerations of fairness, sound judicial administration, and finality. Restatement (Second) of Judgments § 19 cmt. a (1982); *Federated,* 452 U.S. at 401, 101 S.Ct. at 2429, *quoting, Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 517–18, 75 L.Ed. 1244 (1931).

■ Application of res judicata "requires that: (1) the court's prior decision must be a valid and final judgment, (2) the suit before the court must involve the same claim or cause of action as in the prior decision, (3) the prior decision must have been on the merits of the case, and (4) the same parties must be involved in both cases." *Mosca v. United States,* 224 Ct.Cl. 678, 679 (1980). The present suit cannot satisfy the second criteria.

■ There are four factors to consider before finding that the present case presents the same cause of action as the previous decision. These four are "whether the present action (1) rests on the same principle of substantive and procedural law, (2) involves the same right alleged to be infringed by the same wrong, (3) has the same evidence to support both claims, and (4) has the same operative facts." *Mosca,* 224 Ct.Cl. at 679.

The case at bar does not rest on the same cause of action as the prior bankruptcy proceeding. Plaintiffs' previous bankruptcy proceeding failed to embrace the merits of the present action. In the bankruptcy proceeding plaintiffs attempted to show a government violation of Section 525(a) of the Bankruptcy Code. The burden placed upon plaintiffs in that action was to show that the ASCS terminated the CRP contract based solely upon the fact that plaintiffs filed for bankruptcy. Plaintiffs' discrimination claim arose solely from bankruptcy law.

Aside from the fact that the Court of Federal Claims would not have jurisdiction over such a claim, proving a violation of Section 525(a) does not necessarily include making the findings required of this court in plaintiffs' breach of contract action. Whereas in the previous action, the bankruptcy court considered the relevant facts and bankruptcy law, the case at bar requires this court to review the administrative decisions to determine whether the Deputy Administrator acted rationally and within his statutory authority. *See, Rivercrest v. United States*, 24 Cl.Ct. 454, 458–59 (1991), *aff'd*, 976 F.2d 747 (Fed.Cir.1992). The bankruptcy court's decision was not broad enough to encompass the review triggered in this court upon plaintiffs' filing of the complaint. Determining whether the Deputy Administrator acted within his authority and acted rationally goes beyond the discrimination analysis conducted by the bankruptcy court. This court must consider the contract and the agency's actions, whereas the bankruptcy court was concerned with bankruptcy law.

Accordingly, plaintiffs' claim is not precluded under the doctrine of res judicata. The doctrine of collateral estoppel (issue preclusion), however, does apply.

Plaintiffs are precluded from relitigating the bankruptcy court's findings and decision relative to Section 365. Under the doctrine of collateral estoppel, more accurately referred to as issue preclusion, "issues which are actually and necessarily determined by a court of competent jurisdiction are conclusive in a subsequent suit involving the parties to the prior litigation." *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed.Cir.1983), *citing*, Restatement (Second) of Judgments § 27 (1980). Four elements are necessary to apply issue preclusion: (1) identical issues exist in the two suits; (2) the issues were raised and actually litigated in the prior action; (3) those issues were necessary and essential to the previous judgment; and (4) the party precluded was fully represented in the prior action. *Id.* Plaintiffs are precluded from relitigating, in the present action, the issue of the ASCS's position regarding Section 365.

The first requirement, that identical issues exist, is clearly satisfied. In the prior action, the operation of Section 365 of the Bankruptcy Code was in issue. The previous decision made extensive findings concerning that section and the consequences of a rejection thereunder. In the case at bar, plaintiffs seek to relitigate this issue. In fact, the bankruptcy court's opinion and plaintiffs' current motion both cite the same Andrew article, *Executory Contracts in Bankruptcy: Understanding "Rejection,"* 59 U.Colo.L.Rev. 845 (1988), concerning executory contracts in bankruptcy. The only difference on this issue, between the previous case and the present action, is in the approach taken to the Section 365 issue. In the bankruptcy action, plaintiffs attacked the ASCS's position as violative of Section 525, whereas here plaintiffs attack that position as violative of Section 522. Both cases, however, involve the same application of Section 365.

The second element requires that the parties actually litigated the issue in the previous case. This requirement is satisfied if the parties disputed the issue and the trier of fact resolved it. *Mother's Restaurant*, 723 F.2d at 1570. The bankruptcy decision clearly reflects the parties' contentions concerning the interpretation and application of Section 365. Even though the bankruptcy court ruled on Section 365 in regard to the discrimination allegations, that court necessarily considered the position which the ASCS took on Section 365.

In fact, the bankruptcy judge specifically found that after examining the language of § 365(d)(1), the court finds "the position taken by the ASCS/CCC not unreasonable." Based upon the decision rendered, it is evident that the parties fully contested the application of Section 365. Indeed, because that section formed the basis of the DASCO decision, the parties could not avoid disputing the applicability of Section 365. The bankruptcy court resolved it in favor of the ASCS.

Third, the requirement that the determination in the prior action was necessary

and essential to the bankruptcy decision is satisfied. This requirement "does not mean that the finding must be so crucial that, without it, the judgment could not stand." *Mother's Restaurant,* 723 F.2d at 1571. The "necessary" requirement simply seeks to prevent "collateral determination of a nonessential issue from precluding reconsideration" of that issue. *Id.* Since Section 365 formed a substantial basis for the bankruptcy court's decision, it cannot be seriously argued that the application of Section 365 was a "collateral determination of a nonessential issue."

The bankruptcy court relied on four specific findings in rejecting the Section 525(a) claim. The court's second finding concerned the "operation of § 365 and the consequences of a rejection under that provision." The finding that the ASCS acted properly under Section 365 provided substantial support for the court's ultimate holding that the ASCS had not discriminated against the plaintiffs.

The fourth requirement that plaintiffs were fully represented in the prior action is clearly satisfied. There is no question that plaintiffs are identical in both actions and that their interests were protected in the bankruptcy proceeding.

Plaintiffs are precluded from relitigating in this case the issue of the ASCS position regarding Section 365. In this case, plaintiffs attack the ASCS's position regarding Section 365 from a different angle, yet that angle is still grounded in bankruptcy law. Not only is this attempt prohibited under rules of issue preclusion, but plaintiffs should have argued this position before the bankruptcy judge. The Court of Federal Claims lacks expertise in interpreting the Bankruptcy Code, and Congress specifically created a separate court system for that purpose. The specialized nature of bankruptcy law weighs in favor of applying issue preclusion in this instance.

On the basis of the foregoing, and the statements made at the close of argument, defendant's motion for summary judgment is ALLOWED. Plaintiffs' motion for summary judgment is DENIED. The Clerk is directed to dismiss the complaint. No costs.